IN THE MATTER OF: ANNIE LAURIE GREEN,
ADMINISTRATRIX OF ESTATE OF WILLIE LOU CANNADY

No. 709SC349

(Filed 26 August 1970)

1. Clerks of Court § 4; Executors and Administrators § 37— award of administrator's commissions — discretion of court

Commissions of an administrator of the estate of a decedent are to be fixed in the discretion of the clerk of superior court subject to the maximum provided by statutes; this requires exercise of judicial discretion and judgment by the clerk, who has original jurisdiction in the matter. G.S. 28-170.

2. Clerks of Court § 4; Executors and Administrators § 37— commissions and attorneys' fees — jurisdiction of clerk

Administratrix' petition for allowance of commissions and attorneys' fees was initially properly brought before the clerk of superior court. G.S. 7A-241, G.S. 2-1.

3. Courts § 6— appeal from order of clerk — exception to the order — scope of review

On appeal to the judge of superior court from an order of the clerk of court awarding administratrix' commissions and attorneys' fees, respondent's general exception to the clerk's order presented only the question whether the facts found support the conclusions of law.

4. Executors and Administrators § 37— award of commissions and attorneys' fees — sufficiency of findings

In an order of the clerk of court awarding administratrix' commissions and attorneys' fees out of the assets of the estate, findings of the clerk that the administratrix did not waive her commissions and has not forfeited them by neglect or malfeasance, and that the administratrix in good faith employed counsel to defend the estate, *held* sufficient to support the order.

APPEAL by respondent, Louise Cannaday Brown, from an order of *Hobgood, J.*, dated 29 November 1969, VANCE Superior Court.

In re Green

This appeal concerns the same estate which was involved in the litigation previously before this Court in the case of *Brown v. Green*, 3 N.C. App. 506, 165 S.E. 2d 534 (1969). Following that appeal a second trial resulted in the plaintiff in that case, Louise Cannady Brown, recovering verdict and judgment against the estate in the amount of $13,500.00 plus interest, which judgment became final when the estate failed to perfect an appeal. The present controversy was commenced when the petitioner, who is administratrix of the estate, filed a petition with the clerk of Superior Court of Vance County seeking an allowance of commissions for her services as administratrix and approval of attorneys' fees for the attorneys who had represented her in connection with administration of the estate and in the *Brown v. Green* litigation. Respondent, who was the successful plaintiff in that litigation and who is both a creditor of the estate and an heir of the decedent, filed a reply to the petition and a motion to dismiss, alleging that the petitioner had agreed to serve as administratrix without remuneration and that petitioner had wasted assets of the estate by denying respondent's claim without sufficient grounds and by failing properly to preserve assets of the estate. Respondent also alleged that the services rendered by the attorneys had not benefited the estate, that the assets of the estate were insufficient to pay her claim in full, and that any commissions and fees allowed would necessarily be paid out of funds which would otherwise be applicable to her claim. On these grounds the respondent opposed the allowance of any commissions to the administratrix and opposed payments of fees to the attorneys for the estate out of assets of the estate.

The matter was heard by the clerk of superior court, the petitioner being present in person and being represented by her attorneys and the respondent being represented by her attorney. After hearing the sworn testimony of the petitioner and of a witness presented by her, and after reviewing the file in the estate and the pleadings in the action entitled *"Brown v. Green,"* the clerk entered an order finding as facts that the administratrix "did not waive her commissions by agreement or otherwise and has not forfeited the same by neglect or malfeasance," and that she in good faith employed counsel to defend the action entitled *"Brown v. Green."* The clerk's order also made detailed findings as to the nature and extent of the legal services which had been rendered by the attorneys for the estate. On these findings the clerk concluded as a matter of law that the

administratrix was entitled to commissions and the attorneys were entitled to compensation for services rendered and ordered these commissions and fees to be paid from the assets of the estate. The respondent excepted to this order and appealed to the resident judge of the superior court.

After hearing the parties, Judge Hobgood entered an order making the same findings of fact as had been made by the clerk and approving payment of the administratrix's commissions and fees for her attorneys out of assets of the estate. (Judge Hobgood's order did modify the clerk's order to the extent of denying any commissions to the administratrix on the disbursement of that portion of the attorneys' fees attributable to the performance of services by them in connection with the previous litigation; no question is raised on this appeal as to this modification of the clerk's order.) Respondent excepted to Judge Hodgood's order and appealed to the Court of Appeals.

*Sterling G. Gilliam and Frank Banzet for petitioner appellee.*

*Vaughan S. Winborne for respondent appellant.*

PARKER, J.

[1, 2] Commissions of an administrator of the estate of a decedent are to be fixed in the discretion of the clerk of superior court subject to the maximum provided by statute. G.S. 28-170. This requires exercise of judicial discretion and judgment by the clerk, who has original jurisdiction in the matter. *Trust Co. v. Waddell,* 237 N.C. 342, 75 S.E. 2d 151. In other matters relating to the administration of decedents' estates the clerk also exercises jurisdiction as ex officio judge of probate according to the practice and procedure provided by law. G.S. 7A-241; G.S. 2-1. Under these statutes the petition in the present case for allowance of commissions and attorneys' fees was initially properly brought before the clerk of superior court.

[3, 4] After hearing testimony of witnesses and examining the official records in his office, the clerk entered his order making findings of fact upon which he based his conclusions of law and judgment. The respondent took no exception to any specific finding of fact made by the clerk but took only a general exception to the judgment entered by the clerk. On appeal to the judge of superior court, respondent's general exception to the clerk's order presented only the question whether the facts found support the conclusions of law. *In re Estate of Lowther,*

271 N.C. 345, 156 S.E. 2d 693. The judge of superior court, by entering an order making the same findings of fact and conclusions of law as had been made by the clerk, in effect ruled that the facts found support the conclusions of law. We agree with that ruling. The order appealed from is

Affirmed.

CAMPBELL and VAUGHN, JJ., concur.