IN THE MATTER OF THE ESTATE OF HUBBARD HARVEY LONGEST,
DECEASED

No. 8418SC607

(Filed 7 May 1985)

1. Executors and Administrators § 5; Courts § 6.1— probate—appeal from Clerk to Superior Court—type of review

    In an appeal from an order of the Clerk in a probate matter, the Superior Court is not required to conduct a *de novo* hearing, but will review and affirm, reverse, or modify findings of the Clerk properly challenged by a specific exception. Respondent was not entitled to present his evidence again before the Superior Court judge on appeal unless the judge deemed it advisable where he had been given two opportunities to present evidence before the Clerk. G.S. 1-276, G.S. 7A-241, G.S. 28A-2-1.

2. Executors and Administrators § 37.1— amount of attorney's fees and commissions not settled in hearing before Assistant Clerk

    The question of attorney's fees and commissions due a co-executor was not determined at a hearing before an Assistant Clerk because the only purpose of the hearing was to decide the best course to follow to close the estate and the Assistant Clerk stated in a memo that the co-executor was to file his petition and order for attorney's fees and that another hearing would then be held.

3. Executors and Administrators § 5— petition to revoke letters testamentary— properly verified—claim upon which relief could be granted stated

    A petition to have a co-executor's letters testamentary revoked was properly verified and stated a claim upon which relief could be granted where the petitioner signed the petition before a notary public under oath, having sworn that the matters stated in the petition upon her information and belief were true, and where petitioner clearly alleged that the respondent failed to file on time the accountings of the estate with the Clerk's office and paid himself from the estate an amount in excess of that which he could legally be allowed for his commission and attorney's fees without the approval of the clerk. G.S. 28A-9-1.

4. Executors and Administrators § 5.5— revocation of letters testamentary—findings supported by evidence

    In an order revoking respondent's letters testamentary, the Clerk's finding that respondent filed the estate's accounts late was supported by the evidence where the record was replete with notices issued by the Clerk's office that the time for filing the estate's accounts was past due. Findings that respondent had improperly advanced himself the sum of $32,950 from the estate prior to the Clerk's approval were supported by the evidence where the Clerk alone has the jurisdiction to fix an executor's compensation and attorney's fee and respondent did not contend that he did not pay himself a commission prior to the Clerk's approval. G.S. 28A-19-12, G.S. 28A-23-3 and -4.

APPEAL by C. Leroy Shuping, Jr., from *Walker (Hal Hammer), Judge.* Order entered 17 January 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals on 6 February 1985.

*Smith, Moore, Smith, Schell & Hunter by Vance Barron, Jr., and A. Harrell Pope for petitioner appellee, Virginia L. Burroughs.*

*C. Leroy Shuping, Jr., appellant, pro se.*

COZORT, Judge.

The opponents in this case were co-executors of the estate of Hubbard Harvey Longest. Executrix Virginia L. Burroughs, sought to have the estate's other executor, C. Leroy Shuping, Jr., removed. Mrs. Burroughs' petition to have Shuping's letters testamentary revoked was before the Guilford County Clerk of Superior Court three times and appealed to the Superior Court three times. The matter was finally disposed of on 16 January 1984 by Superior Court Judge Hal Hammer Walker, who affirmed the Clerk of Court's revocation of Shuping's letters testamentary as a co-executor. The major issue on appeal is the scope of review a Superior Court Judge must give an order of the Clerk in probate matters. For the reasons that follow, we affirm the Superior Court order upholding the revocation of Shuping's letters.

Hubbard Harvey Longest died on 30 January 1979. His Last Will and Testament named his sister, Virginia L. Burroughs, and his attorney, C. Leroy Shuping, Jr., as co-executors of his estate. Letters testamentary were properly issued to them on 6 March 1979 by the Guilford County Clerk of Superior Court. On 3 January 1983, Shuping petitioned the Clerk of Court to allow him the sum of $14,254.70 for compensation [plus an additional sum for services to be performed] as a co-executor and to approve the payment of the sum of $23,591.55 [plus a sum for additional services to be rendered] for legal services performed on behalf of the Longest estate. Mrs. Burroughs, on 4 February 1983 petitioned the Clerk to revoke Shuping's letters testamentary, to deny Shuping compensation, and to order him to repay the estate all amounts received by him.

On 4 March 1983, the matter was heard before the Guilford County Clerk of Superior Court, James Lee Knight. Mrs. Burroughs and Mr. Shuping both presented evidence on the issue of whether Mr. Shuping should be removed. Mr. Shuping on 7 March 1983 resigned as executor and withdrew as attorney for the Longest estate. The Clerk of Court on 14 March 1983 issued an order finding that although sufficient grounds under G.S. 28A-21-4 and G.S. 28A-9-1(a)(3) existed to remove Shuping as a co-executor, the revocation proceedings had been rendered moot due to resignation. The Clerk thereupon ordered resignation proceedings to commence immediately. Mrs. Burroughs appealed this ruling to the Superior Court. Judge Peter W. Hairston ordered that the cause be remanded to the Clerk of Court because the matter was "not ripe for appeal since the Clerk of Superior Court has not ruled on the question of whether the letters of the Co-Executor should be revoked."

On 1 August 1983, the Clerk of Court entered a second order approving the resignation of Shuping as a co-executor and approving fees and commissions for Shuping in the amount of $25,696.69. The Clerk further found that Shuping had overpaid himself $7,253.31 and ordered him to repay to the estate this amount. Mrs. Burroughs and Mr. Shuping both appealed the Clerk's ruling to the Superior Court. Judge Hal Hammer Walker issued an order on 12 September 1983 finding that "the Order Approving Resignation and Payment of Fees and Commissions entered by the Clerk of Superior Court . . . did not comply with the earlier Order entered by Judge Peter W. Hairston . . . in that the Clerk . . . has not ruled on the question of whether the letters testamentary of the Co-Executor should be revoked." Judge Walker again remanded the case to the Clerk for a decision on this issue.

The matter was heard before the Clerk of Superior Court again on 12 September 1983 on "the specific question of whether the Letters Testamentary of the Co-Executor C. Leroy Shuping, Jr. should be revoked." "[A]fter hearing argument and testimony of counsel and parties to this matter," the Clerk of Court based on findings of fact and conclusions of law ordered that Shuping's letters testamentary be revoked pursuant to G.S. 28A-9-1(a)(3).

Shuping appealed the Clerk's order revoking his letters testamentary. Judge Walker refused to hear any evidence or ar-

gument from the parties. The order entered by Judge Walker on 16 January 1984 contained the following finding of fact and conclusion of law:

### FINDINGS OF FACT

The Court has reviewed the matters of record and all documents in the file in the estate of Hubbard Harvey Longest, 79-E-200, and finds that all the Findings of Fact in the Order of the Clerk of Superior Court of September 20, 1983, are supported by sufficient evidence and the same are hereby affirmed and adopted herein by reference.

### CONCLUSIONS OF LAW

Based on the foregoing Findings of Fact, the Court concludes as a matter of law that the Conclusions of Law in the Order of the Clerk of Superior Court of September 20, 1983, are correct as a matter of law and the same are hereby affirmed and adopted herein by reference.

The order then revoked Shuping's letters testamentary and required him to account to Mrs. Burroughs for all the assets of the estate.

[1] On appeal to this Court, Shuping contends that the trial court committed reversible error in denying him a trial *de novo* and an opportunity to be heard on appeal in Superior Court. The question for our consideration is the type of review to which a party appealing from an order of the Clerk of Court in probate matters is entitled.

The Supreme Court in *In Re Estate of Lowther*, 271 N.C. 345, 348, 156 S.E. 2d 693, 696 (1967), explained that "[a]lthough the office of probate judge was abolished, the special probate powers and duties of the clerk continued distinct and separate from their general duties as clerk of the courts to which they belong." Civil actions and special proceedings, as contemplated by the terms of G.S. 1-276, which originate before the Clerk of Court are heard *de novo* when appealed to the Superior Court. However, a proceeding to remove an executor is not a civil action or a special proceeding. *Id.* at 350, 156 S.E. 2d at 698. Moreover, G.S. 1-276 does not apply to any probate matters. *In re Estate of Swinson*, 62 N.C. App. 412, 415, 303 S.E. 2d 361, 363 (1983).

Although G.S. 7A-241 provides that exclusive original jurisdiction in probate matters is vested in the "superior court division," G.S. 28A-2-1 specifies that the *Clerk* is given exclusive original jurisdiction in the administration of decedents' estates except in cases where the clerk is disqualified to act. *In re Estate of Adamee*, 291 N.C. 386, 398, 230 S.E. 2d 541, 549 (1976). In most instances, therefore, the Superior Court Judge's probate jurisdiction is, in effect, that of an appellate court because his jurisdiction is derivative and not concurrent. *Id.* Thus, in an appeal from an order of the Clerk in a probate matter, the Superior Court is not required to conduct a *de novo* hearing. Rather, as *In re Estate of Lowther, supra*, at 356, 156 S.E. 2d at 702, clearly sets forth, when a finding of fact by the Clerk of Court is properly challenged by specific exception, the Superior Court "judge will review those findings, and either affirm, reverse, or modify them. If he deems it advisable, he may submit the issue to a jury. Obviously, he could not follow this latter course without hearing evidence."

In the case *sub judice*, Mr. Shuping has been given two opportunities before the Clerk of Court to present evidence. Although he did specifically except to all of the Clerk's findings, he is not entitled, unless the Judge, in his discretion, deems it advisable, to present his evidence again before the Superior Court Judge on appeal. As the record reflects, Judge Walker clearly reviewed the Clerk's findings, determined that they were supported by sufficient evidence, and affirmed them. We hold that Mr. Shuping was given the review to which he was entitled.

[2] Grouping five questions presented together, Mr. Shuping further argues that "the same rules which prohibit one Superior Court or District Court Judge from modifying, overruling, changing or vacating the action of another apply equally to Probate Court Judges." Shuping contends that when he and Mrs. Burroughs' attorney met with Mrs. Bettie B. Clark, Assistant Clerk of Superior Court, on 14 December 1982, the subject matter of Mrs. Burroughs' petition for revocation was determined, making subsequent actions by the Clerk of Superior Court invalid. Besides the fact that Mrs. Burroughs' petition was not filed until 4 February 1983, this argument is without merit because this "hearing's" only purpose and result was to decide the best course to follow in order to close the estate. The record contains a

memorandum of this meeting wherein Mrs. Clark states that Mr. Shuping is to file his Petition and Order for attorney's fees and commissions within two weeks and that when this has been done, "we are to hold another hearing with all 3 parties re: the attorney's fee and commissions for Mr. Shuping." Obviously, no agreement was reached and the matter concerning attorney's fees and commissions was not determined. These assignments of error are overruled.

[3] Mr. Shuping also contends that Mrs. Burroughs' petition for revocation "does not state a claim . . . upon which relief can be granted" because the petition was not duly verified.

Initially, we note that Mr. Shuping's objection to the petition has been raised for the first time on appeal. In any event, the petition itself shows that Mrs. Burroughs signed the petition before a notary public under oath, having sworn that the matters stated in the petition upon her information and belief were true. We hold that the petition was sufficiently verified as required by G.S. 28A-9-1.

Mr. Shuping further contends that the petition does not state a claim upon which relief can be granted because it does not allege that the estate has been damaged in any way or that any court orders have been disobeyed. This contention is without merit. In the first place, the petition clearly alleges that Mr. Shuping has failed to file on time the accountings of the estate with the Clerk's office, disregarding notices issued by the Clerk that such accountings were due. The petition also states that Mr. Shuping has paid himself approximately $32,900 from the estate for his commission and attorney's fees without the approval of the Clerk and that this amount was in excess of any amount which he could legally be allowed for commissions and legal fees. These allegations plus the allegation that through his default and misconduct he has violated his fiduciary duty as a co-executor of the estate constitute sufficient grounds on which Mrs. Burroughs could petition for the revocation of Mr. Shuping's letters under G.S. 28A-9-1(a)(3). If these allegations were proven true, the possible damage to the estate is obvious. This assignment of error is overruled.

[4] Next, Mr. Shuping contends that certain findings of fact and conclusions of law contained in the Clerk of Court's order revok-

ing his letters testamentary are not supported by the evidence. These findings of fact in part state that Mr. Shuping filed late the 90-day inventory, the first annual account, the second annual account, and the third annual account. Although the record does contain notations in the Clerk's file of phone calls from Mr. Shuping explaining delays in filing these accounts, these notations do not represent extensions of time allowed. Rather, the record is replete with notices issued by the Clerk's office that the time for the filing of the estate's accounts was past due. Thus, we hold that from our review of the record the findings of fact and corresponding conclusions of law dealing with late account filings are supported by the evidence.

Two other findings to which Mr. Shuping has excepted concern the unauthorized payment of fees and commissions by Mr. Shuping to himself. These findings provide:

(9) That Mr. Shuping has, during the pendency of this estate, advanced to himself without approval of the Clerk of Superior Court the sum of $32,950.00 from this estate;

(10) That Mr. Shuping was notified by Notice dated November 10, 1980, by the Clerk of Superior Court that the first annual account filed on October 22, 1980, could not be accepted or approved until he exhibited to and filed with the office of the Clerk of Superior Court a petition and order for the fees which he was withdrawing from the estate; that even though other notices and letters were sent to Mr. Shuping advising him that he should immediately present a petition and order for the fees that he was withdrawing from the estate to the Clerk of Superior Court, Mr. Shuping continued to advance fees to himself from the estate and continued his failure to comply with notices and orders of the office of Clerk of Superior Court pertaining to the administration of this estate;

These findings of fact are also the subject of Mr. Shuping's next assignment of error in which he contends that prior approval from the Clerk is not statutorily required before the payment of his fees and commission could be made.

His contentions rest on the fact that G.S. 28A-19-12, which requires prior written approval from the Clerk, applies only to the

administration of estates of decedents dying on or after 8 May 1979. 1979 N.C. Sess. Laws ch. 525. The decedent in this case died on 30 January 1979. G.S. 28A-19-12, prior to the 1979 amendment, provides that

> No property or assets of the decedent shall be retained by the personal representative or collector in satisfaction of his own claim, in preference to others of the same class; but such claim must be established upon the same proof and paid in like manner and order as required by law in case of other debts.

1973 N.C. Sess. Laws ch. 1329. However, this statute, regardless of the version in effect, does not apply to the payment of attorney's fees and commissions. G.S. 28A-19-12 applies to "claims" against the estate, such as liens against property, funeral expenses, taxes, and judgments, where the claimant also happens to be the personal representative of the estate. The applicable statutes are instead G.S. 28A-23-3 and G.S. 28A-23-4.

It has long been the rule in North Carolina that "an executor has no right to fix and determine the compensation to be received by him." *Trust Co. v. Waddell*, 237 N.C. 342, 345, 75 S.E. 2d 151, 153 (1953). The allowance of a commission to an executor is a matter within the original jurisdiction of the Clerk of Superior Court and it is within his discretion to fix the amount, subject to the maximum provided by statute. *In re Green*, 9 N.C. App. 326, 176 S.E. 2d 19 (1970). In order to determine the amount of an executor's commission, the Clerk "shall consider the time, responsibility, trouble and skill involved in the management of the estate." G.S. 28A-23-3(b). However, this amount may not "exceed five percent (5%) upon the amounts of receipts . . . and upon the expenditures made in accordance with law." G.S. 28A-23-3(a). Thus, it is first necessary for the executor to file a petition for commissions and fees along with the annual accountings to enable the Clerk to determine the amount of the commission and attorney's fees. As the record indicates, Mr. Shuping failed to file the required petition until 3 January 1983. He retained approximately $32,950.00 based on an hourly rate, not upon receipts and disbursements pursuant to G.S. 28A-23-3.

Mr. Shuping does not contend that he did not pay himself a commission prior to the Clerk's approval. Rather his argument is

couched on the premise that his actions were not contrary to the applicable statutes. However, we hold that because the Clerk alone has the discretion to fix an executor's compensation and an attorney's fee, Mr. Shuping improperly advanced himself the sum of $32,950.00 from the estate. We in turn hold that Findings of Fact Nos. 9 and 10 and their corresponding conclusions of law are supported by the evidence.

Mr. Shuping's remaining assignments of error, including his contentions that the commission allowed Mrs. Burroughs was excessive and that the forfeiture of his fee and commission under G.S. 28A-23-3(e) is unconstitutional, are without merit.

For the foregoing reasons, the order revoking Mr. Shuping's letters testamentary is affirmed.

Affirmed.

Chief Judge HEDRICK and Judge BECTON concur.