THE NORTH CAROLINA STATE BAR v. C. LEROY SHUPING, ATTORNEY

No. 8610NCSB563

(Filed 4 August 1987)

1. **Attorneys at Law § 12— violation of disciplinary rule—public censure—findings supported by evidence**

    Findings of a Hearing Committee of the Disciplinary Hearing Commission of the North Carolina State Bar regarding an estate proceeding handled by an attorney, including findings that the attorney had filed estate accounts late, had advanced undifferentiated amounts to himself as attorney and coexecutor without prior approval of the Clerk of Superior Court, and had failed to respond to orders and notices from the Clerk, were supported by clear, cogent and convincing evidence. Furthermore, the findings, conclusion and result were supported by substantial evidence under the whole record test.

2. **Attorneys at Law § 11— conclusion of Disciplinary Hearing Committee on whether one disciplinary rule violated—five disciplinary rules alleged to have been violated—remanded**

    An order of discipline of a Hearing Committee of the Disciplinary Hearing Commission of the North Carolina State Bar was remanded where the complaint alleged that five disciplinary rules had been violated by the defendant, the issue of whether one of those rules had been violated was resolved by a statement of the Hearing Committee Chairman, and the Committee's order made a conclusion of law on only one other disciplinary rule. Proceedings before a Hearing Committee shall conform as nearly as practicable with the requirements of the Rules of Civil Procedure, and Rule 52(a)(1) of the North Carolina Rules of Civil Procedure has been interpreted to require the trial court to find the facts specially and state separately the conclusions of law and thereby resolve all controversies between the parties raised by the pleadings and the evidence.

APPEAL by plaintiff from Order of the Disciplinary Hearing Commission of the North Carolina State Bar entered 23 December 1985. Heard in the Court of Appeals 12 November 1986.

*L. Thomas Lunsford, II, and Lester V. Chalmers, Jr., for plaintiff appellant.*

*Luke W. Wright for defendant appellee.*

COZORT, Judge.

In a complaint filed by the North Carolina State Bar, the defendant attorney was charged with violating five (5) Disciplinary Rules under the North Carolina State Bar Code of Professional Responsibility. After a hearing before a Hearing Committee of the Disciplinary Hearing Committee, the Hearing Committee found that the defendant had committed the acts as alleged in the complaint and concluded that the defendant's acts constituted a violation of one (1) of the Disciplinary Rules cited in the complaint. In its Order of Discipline, the Hearing Committee issued a Public Censure. The State Bar appeals, alleging the Hearing Committee erred by failing to conclude that the other Disciplinary Rules cited in the complaint also had been violated. We agree in part with the State Bar's contention, and we remand the case for further consideration by the Disciplinary Hearing Commission. Pertinent facts and procedural history follow.

This case arose out of an estate proceeding in Guilford County. The defendant, C. Leroy Shuping, Jr., a licensed attorney since 1947, was named co-executor for the Estate of Hubbard Harvey Longest on 6 March 1979. On 4 February 1983, the co-executor of the estate filed a petition to revoke defendant's letters testamentary, alleging, *inter alia*, that defendant had advanced himself fees without the approval of the clerk of court as required by law, and had not timely filed required documents. On 16 January 1984, an order revoking the defendant's letters testamentary was affirmed by Superior Court Judge Hal Hammer Walker, the defendant was removed as co-executor, and defendant was ordered to account to the co-executor for all the assets of the estate. On appeal the Court of Appeals affirmed in an opinion filed 7 May 1985. *In re Estate of Longest*, 74 N.C. App. 386, 328 S.E. 2d 804 (1985). In that opinion, this Court upheld the findings that defendant was late in filing accounts of the estate, *id.* at 392, 328 S.E. 2d at 808, and had "improperly advanced himself the sum of $32,950.00 from the estate." *Id.* at 394, 328 S.E. 2d at 809.

On 26 August 1985 the North Carolina State Bar (hereinafter "plaintiff,") filed a complaint against the defendant. The complaint alleged these pertinent facts:

4. On or about March 6, 1979, the Defendant received letters testamentary as co-executor of the estate of Hubbard

Harvey Longest from the Guilford County Clerk of Superior Court. The Defendant was the decedent's attorney at the time of his death. The decedent's sister, Virginia L. Burroughs, a resident of the State of Virginia, also received letters testamentary as co-executor.

5. Shortly after their appointment, the co-executors agreed that the Defendant would be solely responsible for preparing and filing the 90-day inventory, the annual and final accounts, and the various tax returns. The Defendant and Burroughs also agreed that the Defendant would be solely responsible for maintaining the estate's books of account and checkbook.

6. On or about August 30, 1979, the Defendant filed the estate's 90-day inventory approximately 53 days late. No extension of time for filing had been obtained.

7. On or about October 22, 1980, the Defendant filed the estate's first annual account approximately 196 days late. Prior to filing the account, the Defendant received notices dated May 16, 1980, and September 18, 1980, from the Clerk of Superior Court that the annual account was overdue. The estate's first annual account was not approved by the Clerk of Superior Court because no petition for or order allowing $3,750.00 in undifferentiated commissions and attorneys fees which had already been disbursed by the Defendant to himself was filed with the account. A copy of the first annual account is attached hereto, identified as Plaintiff's Exhibit #1, and incorporated by reference as if fully set forth herein.

8. The Defendant was sent notices from the Clerk of Superior Court on November 10, 1980, February 18, 1981, April 13, 1981, May 15, 1981, July 10, 1981, and August 28, 1981, soliciting the petition and order referred to in the preceding paragraph. The Defendant did not file a petition for allowance of his fees and commissions until January 3, 1983.

9. The Defendant was sent notices from the Office of the Clerk of Superior Court informing him that the estate's second annual account was overdue on April 13, 1981, May 15, 1981, July 10, 1981, and August 28, 1981. On or about Sep-

tember 17, 1981, the Assistant Clerk of Superior Court entered an order in the estate requiring the Defendant to file the account within twenty days of service. The Defendant was subsequently granted an extension to file the account until December 21, 1981.

10. On or about December 16, 1982, the Defendant filed the estate's second annual account approximately two years and nine months late. A copy of the account is attached hereto, identified as Plaintiff's Exhibit #2, and incorporated by reference as if fully set forth herein.

11. The second annual account filed by the Defendant was not approved by the Clerk of Superior Court because it reflected payments of $8,600.00 in undifferentiated attorneys fees and commissions to the Defendant and was unsupported by a petition for and an order allowing such payments.

12. On or about December 16, 1982, the Defendant filed the estate's third annual account approximately one year and nine months late. The third annual account was not approved by the Clerk of Superior Court because it reflected payments of $12,350 in undifferentiated attorneys fees and commissions to the Defendant and was unsupported by a petition for and or order allowing such payments. A copy of the account is attached hereto, identified as Plaintiff's Exhibit #3, and incorporated by reference as if fully set forth herein.

13. On or about March 7, 1983, the Defendant filed the estate's fourth annual account. This account reflected payments of $8,250.00 in undifferentiated attorneys fees and commissions to the Defendant and was unsupported by an order allowing such payments. A copy of this account is attached hereto, identified as Plaintiff's Exhibit 4, and incorporated by reference as if fully set forth herein.

14. During his administration of the estate the Defendant paid to himself without the prior approval of the Clerk of Superior Court sums totalling $32,950.00 for his services as co-executor and attorney for the estate. Of that amount, the Defendant paid himself $29,200.00 after he had received notice from the Clerk's office that his first annual account

would not be approved unless supported by an order allowing the fees and commissions he claimed.

15. On or about September 20, 1983, the Clerk of Superior Court, on motion of the co-executor Burroughs, revoked the letters testamentary of the Defendant pursuant to North Carolina General Statutes § 28A-9-1(a)(3) finding that the Defendant's failure to file timely inventories and accounts, withdrawing fees and commissions without the approval of the Clerk of Superior Court, and failure to duly and timely respond to orders and notices from the Clerk of Superior Court constituted default or misconduct within the meaning of that statute. That order was affirmed by order of the Superior Court dated January 16, 1984. The Superior Court's decision was subsequently affirmed by the North Carolina Court of Appeals by decision filed May 7, 1985.

The complaint then prayed for disciplinary action against the defendant, alleging that the actions of the defendant constituted grounds for discipline:

A. By failing to timely file the inventory and accounts of the Longest estate and by repeatedly ignoring official notices concerning overdue filings, neglected a legal matter entrusted to him and engaged in professional conduct which adversely reflects on his fitness to practice law in violation of Disciplinary Rules 6-101(A)(3) and 1-102(A)(6) of the North Carolina Code of Professional Responsibility; and

B. By paying himself executor's commissions and attorneys fees which had not been previously allowed by the Clerk of Superior Court, charged and collected an illegal fee, allowed the exercise of his professional judgment on behalf of his client to be adversely affected by his own financial interest, and failed to maintain client funds in trust in violation of Disciplinary Rules 2-105(A), 5-101(A) and 9-102(A) of the North Carolina Code of Professional Responsibility.

The proceedings were conducted in accordance with the Code of Professional Responsibility as it existed at the time of the alleged misconduct. Those Rules are found at 283 N.C. 783 (1973), as amended at 307 N.C. 712 (1982). The Rules of Professional Con-

duct adopted by the Supreme Court on 7 October 1985, 312 N.C. 845 (1985), extensively rewrote the Code of Professional Responsibility.

The matter was heard by a Hearing Committee of the Disciplinary Hearing Commission on 22 and 23 November 1985. On 23 December 1985, the Hearing Committee issued an Order of Findings of Fact and Conclusions of Law. The findings of fact in that order essentially found the facts to be as alleged in the complaint. Among the findings of fact were the following crucial findings:

11. On or about December 16, 1982, the Defendant filed the estate's second annual account approximately one year and nine months late. The second annual account filed by the Defendant was not approved by the Clerk of Superior Court because it reflected payments of $8,600.00 in undifferentiated attorney's fees and executor's commissions to the Defendant which had not been previously allowed by the Clerk.

12. On or about December 16, 1982, the Defendant filed the estate's third annual account approximately nine months late. The third annual account was not approved by the Clerk of Superior Court because it reflected payments of $12,350 in undifferentiated attorney's fees and executor's commissions to the Defendant which had not been previously allowed.

13. On or about March 7, 1983, the Defendant filed the estate's fourth annual account. This account reflected payments of $8,250.00 in undifferentiated attorney's fees and executor's commissions to the Defendant which had not been previously allowed by the Clerk.

14. During his administration of the estate, the Defendant paid to himself without the prior approval of the Clerk of Superior Court sums totalling $32,950.00 for his services as co-executor and attorney for the estate. Of that amount, the Defendant paid himself $23,400 after he had received notice from the Clerk's office that his first annual account would not be approved unless supported by an order allowing the fees and commissions he claimed, and had been informed by the Clerk that all future compensation would have to be approved in advance of payment.

The Hearing Committee then made one Conclusion of Law:

> By failing to timely file the inventory and accounts of the Longest estate and by repeatedly ignoring official notices concerning overdue filings, the Defendant neglected a legal matter entrusted to him in violation of Disciplinary Rule 6-101(A)(3) of the Code of Professional Responsibility.

In its Order of Discipline filed the same day, the Hearing Committee ordered that defendant be Publicly Censured for his misconduct. On 27 January 1986, the plaintiff filed Notice of Appeal to this Court.

On appeal, the plaintiff contends that the Hearing Committee erred by failing to conclude as a matter of law that defendant's actions violated more than one Disciplinary Rule. Plaintiff further contends that the imposition of the Public Censure was not appropriate because, if the Committee had concluded that additional Rules had been violated, a more severe measure of discipline would have been appropriate. The defendant has also assigned error to the Committee's Orders. He excepted to nine (9) of the Committee's Findings of Fact and to its Conclusion of Law. In his brief he argues that there was insufficient evidence to support the nine findings of fact, that the Conclusion of Law is in error because there are no correct findings to support it, that the Committee erred by failing to grant defendant's motion to dismiss the charges against him, and that the order is erroneous because it is not supported by correct findings and the law.

We first consider defendant's argument.

The standard of proof in attorney discipline and disbarment proceedings is one of "clear, cogent and convincing" evidence. Rules of the North Carolina State Bar, Art. IX, Sec. 14(18).
. . .

The standard for judicial review of attorney discipline cases is the "whole record" test. *N.C. State Bar v. DuMont*, 304 N.C. 627, 286 S.E. 2d 89 (1982). This test requires the reviewing court to

> consider the evidence which in and of itself justifies or supports the administrative findings and . . . also [to] take into account the contradictory evidence or evidence

from which conflicting inferences can be drawn. . . . Under the whole record test there must be substantial evidence to support the findings, conclusions and result. . . . The evidence is substantial if, when considered as a whole, it is such that a reasonable person might accept as adequate to support a conclusion.

*Id.* at 643, 286 S.E. 2d at 98-9 (citations omitted).

*N. C. State Bar v. Sheffield*, 73 N.C. App. 349, 354, 326 S.E. 2d 320, 323 (1985).

[1] The defendant does not individually argue each of the challenged findings. Rather, he presents a broadside attack on the Committee's findings, contending that the "Findings of Fact and Conclusions of Law as to neglect should be set aside as not being supported by the whole record of clear, cogent and convincing competent evidence and the charges of neglect against defendant should be dismissed." We disagree. We have reviewed the evidence presented below. We find the Committee's findings to be supported by clear, cogent and convincing evidence. We further find the findings, conclusion, and result to be supported by substantial evidence under the whole record test. The defendant's assignments of error are overruled.

[2] We now turn to the plaintiff's argument that the Committee erred by failing to find that additional Disciplinary Rules had been violated by defendant's conduct. Although we do not believe the evidence was such that the Committee was compelled to find the Rules were violated, for reasons which follow, we believe the Committee's order is in error for failing to make conclusions of law as to *whether* the defendant's conduct, as found in the Findings of Fact, violated the Disciplinary Rules as alleged in the complaint.

The complaint alleged that five Disciplinary Rules had been violated by the defendant. It alleged that by failing to timely file the inventory and accounts and by repeatedly ignoring notices concerning overdue filings, the defendant had (1) neglected a legal matter entrusted to him, in violation of DR6-101(A)(3); and (2) engaged in professional conduct which adversely reflects on his fitness to practice law, in violation of DR1-102(A)(6). The complaint further alleged that by paying himself executor's commis-

sions and attorney's fees which had not been authorized by the clerk of court, the defendant had (3) charged and collected an illegal fee, in violation of DR2-105(A); (4) allowed the exercise of his professional judgment to be adversely affected by his own financial interest, in violation of DR5-101(A); and (5) failed to maintain client funds in trust, in violation of DR9-102(A). While the Committee found the facts to be as alleged by plaintiff in the complaint, the Committee's order made a Conclusion of Law on only one Disciplinary Rule, DR6-101(A)(3). The failure to make conclusions on the other Disciplinary Rules alleged in the complaint was error.

Under Art. IX, Sec. 14(12) of the Rules of the North Carolina State Bar,

[p]leadings and proceedings before a Hearing Committee shall conform as nearly as is practicable with requirements of the Rules of Civil Procedure and for trials of non-jury civil causes in the Superior Courts except as otherwise provided hereunder.

We find nothing in the Rules of the State Bar which would preclude the Hearing Committees from complying with Rule 52(a)(1) of the North Carolina Rules of Civil Procedure, which provides:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

Rule 52(a)(1) has been interpreted to require the trial court to "find the facts specially and state separately his conclusions of law and thereby resolve all controversies between the parties raised by the pleadings and the evidence. (Citations omitted.)" *Associates, Inc. v. Myerly and Equipment Co. v. Myerly,* 29 N.C. App. 85, 88, 223 S.E. 2d 545, 547 (1976).

The allegations of the complaint and the evidence presented at the hearing raised the issues of whether the defendant's conduct constituted violations of five separate Disciplinary Rules. The Hearing Committee concluded that DR6-101(A)(3) had been violated. The order made no conclusion on the remaining Disciplinary Rules alleged to have been violated in the complaint. Thus, the matter is remanded for the Hearing Committee to make con-

clusions of law as to whether the defendant's conduct, as specifically found in the Findings of Fact enumerated in the 23 December 1985 Order, constitute violations of Disciplinary Rules 1-102 (A)(6), 5-101(A), and 9-102(A). The Hearing Committee is to make the additional conclusions of law without the taking of additional evidence. The Hearing Committee may make additional findings of fact, if necessary to resolve all issues.

We have specifically deleted DR2-105(A) from the list of Disciplinary Rules to be considered on remand. The record reveals that the Hearing Committee Chairman, after the Committee concluded its deliberations, informed defendant that "the State Bar has not established by clear, cogent and convincing evidence a violation of the statute — or the Code 2.105(a) [*sic*] in that there's no showing of illegality on the basis of fraud." We deem that statement to be a resolution of the issue of whether Disciplinary Rule 2-105(A) was violated.

The plaintiff urged this Court to conclude that the additional Disciplinary Rules had been violated and further urged that this Court enter its own order of discipline. We decline to so do. While we acknowledge the inherent authority of each court of North Carolina, including this Court, to discipline attorneys, *see, e.g., In re Robinson*, 37 N.C. App. 671, 679, 247 S.E. 2d 241, 244 (1978), we believe the better course of action in this case is to remand the matter to the State Bar so that the Bar may finish that which it started.

In conclusion, we find the Hearing Committee's findings and conclusion that defendant violated DR6-101(A)(3) are supported by substantial evidence in the record. The matter is remanded for the Hearing Committee to determine whether the defendant's actions constituted violations of Disciplinary Rules 1-102(A)(6), 5-101(A), and 9-102(A); and, if so, whether a different order of discipline should be entered.

Affirmed in part and remanded.

Chief Judge HEDRICK and Judge MARTIN concur.