THE ESTATE OF KENNETH L. WILSON AND DORIS WILSON, IN HER CAPACITY AS
THE ADMINISTRATRIX OF THE ESTATE OF KENNETH L. WILSON, PETITIONERS
v. DIVISION OF SOCIAL SERVICES AND DIVISION OF MEDICAL ASSISTANCE OF
THE NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES,
RESPONDENTS

No. COA09-216

(Filed 3 November 2009)

**Public Assistance— Medicaid—eligibility—purchase agreement—chattel—countable resource**

> The trial court erred by concluding that a purchase agreement was "chattel" and a countable resource for purposes of determining decedent's eligibility for Medicaid. The case is remanded to the superior court for further remand to the Department of Health and Human Services for further proceedings to determine whether petitioner is entitled to Medicaid assistance without the purchase agreement included in the calculation.

Appeal by petitioners from judgment and order entered 14 November 2008 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 3 September 2009.

*Ott Cone & Redpath, P.A., by Laurie S. Truesdell, for petitioner appellants.*

*Attorney General Roy Cooper, by Assistant Attorney General Brenda Eaddy, for North Carolina Department of Health and Human Services respondent appellee.*

HUNTER, JR., Robert N., Judge.

Petitioner Doris Wilson, in her capacity as the administratrix of the Estate of Kenneth L. Wilson, appeals from the superior court's decision which reversed respondent North Carolina Department of Health and Human Services' ("DHHS") final decision, but nonetheless held that Kenneth L. Wilson's assets exceeded the $3,000.00 resource limit for Medicaid eligibility. We disagree, and accordingly reverse the superior court's decision and remand to the superior court for further remand to DHHS for further proceedings in accordance with this opinion.

## I. Factual Background

Kenneth L. Wilson ("Mr. Wilson") was hospitalized at Carolinas Medical Center on 7 January 2007 until his death on 22 February 2007. During Mr. Wilson's hospitalization, his wife, Doris Wilson, sold her 100% stock ownership in Brothers Delivery Service, Inc. ("Brothers") to her son, Kenneth L. Wilson, Jr., via a purchase agreement dated 24 January 2007 ("Purchase Agreement"). Pursuant to the Purchase Agreement, Kenneth L. Wilson, Jr., agreed to purchase 100% of the stock and assets associated with Brothers for the price of $62,531.00, to be paid in sixty installments of $1,041.82 each, beginning on 1 March 2007. The Purchase Agreement was signed by Kenneth Wilson, Jr., but was not signed by Doris Wilson.

On 5 April 2007, Doris Wilson applied for Medicaid benefits seeking coverage for Mr. Wilson's hospitalization. The Mecklenburg County Department of Social Services ("DSS") denied petitioner's application for Medicaid benefits on 5 July 2007. This decision was affirmed by DSS in a Local Hearing Decision dated 3 August 2007, which found that the Purchase Agreement was a promissory note, the value of which counted toward Mr. Wilson's assets for the purpose of determining his eligibility for Medicaid benefits. Mr. Wilson's countable assets totaled $8,375.98 after the minimum Community Spouse Resource Allowance of $20,328.00 was subtracted from his total assets of $28,703.93. The total assets were calculated based on Mr. Wilson's available resources, including two account balances in two Branch Banking and Trust Accounts, a First Citizens bank account, and the value of a promissory note. DSS found that the value of Mr. Wilson's assets exceeded Medicaid's allowable resource limit of $3,000.00 and disqualified Mr. Wilson for Medicaid benefits. DSS's decision was affirmed by DHHS in a State Hearing Decision issued 3 October 2007; DHHS upheld the classification of the Purchase Agreement as a saleable promissory note. Petitioner requested further review of DHHS's decision alleging the Purchase Agreement was a bill of sale and not an asset for purposes of qualification for Medicaid benefits. On 22 January 2008, the DHHS Chief Hearing Officer issued a final decision affirming the 3 October 2007 decision denying Mr. Wilson's Medicaid benefit application due to excess resources.

Petitioner sought judicial review of DHHS's final decision in Mecklenburg County Superior Court. In an Order dated 14 November 2008, the trial court reversed DHHS's final decision, finding the Purchase Agreement was not a saleable promissory note, but was an

agreement for the sale of stock, a "chattel" with a value of $62,531.00. The trial court concluded, however, that the Purchase Agreement was countable against Mr. Wilson's assets for determining his eligibility for Medicaid benefits. The trial court remanded the issue to the Chief Hearing Officer to enter a new decision consistent with the trial court's findings. From this order, petitioner appeals.

## II. Standard of Review

· The North Carolina Administrative Procedure Act provides an aggrieved party with the right to judicial review of an agency's final decision in a contested case. N.C. Gen. Stat. § 150B-43 (2007). Where a petitioner asserts that an agency's decision was affected by legal error, this Court reviews the agency's decision *de novo. See Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002) (citing *Sutton v. N.C. Dep't of Labor*, 132 N.C. App. 387, 389, 511 S.E.2d 340, 341 (1999)).

[W]hen an appellate court reviews .

"a superior court order regarding an agency decision, 'the appellate court examines the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly.' "

*Id.* at 14, 565 S.E.2d at 18 (quoting *ACT-UP Triangle v. Commission for Health Services*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997)). Accordingly, this Court must determine whether the superior court properly applied the correct standard of review to the undisputed facts of the case at bar.

## III. Issues on Appeal

On appeal, petitioner contends that (1) the trial court erred in concluding that the Purchase Agreement is "chattel," a countable resource for purposes of determining Mr. Wilson's eligibility for Medicaid, or (2) in the alternative, if the Purchase Agreement is a countable resource, Brothers is excluded as a countable resource for the time period prior to Doris Wilson's making and attempted execution of the agreement pursuant to the North Carolina Adult Medicaid Manual as property actively involved in trade or business. We agree with petitioner and conclude that the Purchase Agreement is not a countable resource.

First, petitioner contends that the Purchase Agreement is a bill of sale, not a negotiable instrument, and as such, should not be counted as a resource for purposes of determining Medicaid eligibility. While we do not agree with petitioner's characterization of the Purchase Agreement as a bill of sale, we do agree that the agreement is not a countable asset for Medicaid eligibility purposes.

Pursuant to Title XIX of the Social Security Act, the Medicaid program " 'provid[es] federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons.' " *Schweiker v. Gray Panthers*, 453 U.S. 34, 36, 69 L. Ed. 2d 460, 465 (1981) (quoting *Harris v. McRae*, 448 U.S. 297, 301, 65 L. Ed. 2d 784, 794, *reh'g denied*, 448 U.S. 917, 65 L. Ed. 2d 1180 (1980)). Each state establishes its own criteria for assessing Medicaid eligibility; therefore, "[a]n individual is entitled to Medicaid if he fulfills the criteria established by the [s]tate in which he lives." *Id.* at 36-37, 69 L. Ed. 2d at 465. N.C. Gen. Stat. § 108A-55(a) (2007) provides the following:

> [DHHS] may authorize, within appropriations made for this purpose, payments of all or part of the cost of medical and other remedial care for any eligible person when it is essential to the health and welfare of such person that such care be provided, and when the total resources of such person are not sufficient to provide the necessary care.

DHHS developed the North Carolina Adult Medicaid Manual ("NCAMM") to determine whether or not an applicant is eligible to receive Medicaid coverage.

According to the NCAMM, DHHS considers three types of property when determining eligibility: (1) real property, (2) personal property, and (3) liquid assets. North Carolina Adult Medicaid Manual § 2230I.B.1-3 (2008); *see also* 20 C.F.R. § 416.1201 (2009). The manual defines real property as "land and all buildings or dwellings which are permanently affixed to the land." *Id.* Personal property is defined as "all personal effects and household goods[.]" *Id.* "Liquid assets include cash, bank accounts, certificates of deposit as well as any item that can be converted to cash[.]" *Id.*

In the present case, the resource at issue is the Purchase Agreement purporting to sell 100% of Doris Wilson's stock and other assets of Brothers to Kenneth Wilson, Jr. With regard to the characterization of the Purchase Agreement, the Court notes that the parties agree that the agreement cannot be classified as either real or personal property. Therefore, in order to be considered a countable resource

**ESTATE OF WILSON v. DIVISION OF SOC. SERVS.**

[200 N.C. App. 747 (2009)]

for determining Medicaid eligibility, the Purchase Agreement must meet the aforementioned definition of a liquid asset.

DHHS, in its final decision, concluded that the Purchase Agreement was a promissory note, a negotiable instrument and countable resource for determining Medicaid eligibility. In order to be classified as a negotiable instrument, a writing must meet the following criteria:

> [B]e signed by the maker or drawer, contain an unconditional promise or order to pay a sum certain in money, contain no other promise, order, obligation or power given by the maker or drawer except as authorized by G.S. Chapter 25, Article 3, be payable on demand or at a definite time, and be payable to order or to bearer.

*Gillespie v. DeWitt*, 53 N.C. App. 252, 256-57, 280 S.E.2d 736, 740 (1981), *cert. denied*, 304 N.C. 390, 285 S.E.2d 832 (1981). On appeal, petitioner contends, and DHHS agrees in its brief, that the Purchase Agreement is not a negotiable promissory note because the payment terms were too uncertain to constitute an unconditional promise to pay. The superior court agreed and reversed DHHS's determination that the Purchase Agreement was a promissory note, but held that the agreement is "chattel," a countable resource for determining Medicaid eligibility, having a value of $62,531.00 to Doris Wilson.

With regard to this issue, we agree that the Purchase Agreement is not a promissory note; however, we disagree with the superior court's determination that the Purchase Agreement is "chattel." Chattel is defined as "movable or transferable property." *Black's Law Dictionary* 95 (2d ed. 2001). Moreover, chattel paper is defined as "[a] writing that shows both a monetary obligation and a security interest in or a lease of specific goods." *Id.* The Purchase Agreement is neither transferrable nor movable. In addition, in order to be characterized as chattel paper, the resource must show a monetary obligation and thus be capable of being monetarily valued. *See id.* Here, as agreed upon by the parties in their briefs, the payment terms of the Purchase Agreement were too uncertain to determine what value should be given and when payments of such value should begin. Accordingly, the superior court erred in characterizing the agreement as chattel or chattel paper.

With regard to Mr. Wilson's Medicaid eligibility, this Court recognizes that the purpose of the Purchase Agreement was to sell Doris Wilson's family business, Brothers, to her son, Kenneth Wilson,

Jr. DHHS argues that the ultimate issue in this matter rests on a determination of the present ownership status of Brothers. More specifically, DHHS contends that the Purchase Agreement did not transfer Doris Wilson's interest in Brothers to Kenneth Wilson, Jr., because the agreement was not signed by both parties. Therefore, DHHS contends that Doris Wilson currently maintains her ownership interest in Brothers.

In response, petitioner avers that DHHS did not raise the issue of Brothers' ownership status or the validity of the Purchase Agreement at the administrative agency level or the trial court level. Although the Court notes that the Purchase Agreement was not signed by Doris Wilson, after a careful review of the record on appeal, it appears that DHHS did not preserve the issues of Brothers' ownership status or the validity of the Purchase Agreement for appeal; therefore, pursuant to Rule 10 of the Rules of Appellate Procedure, the issues are not properly before this Court. *See* N.C. R. App. P. 10(b)(1); *see also Town of Chapel Hill v. Burchette*, 100 N.C. App. 157, 159-60, 394 S.E.2d 698, 700 (1990) (holding that "[a] contention not raised in the trial court may not be raised for the first time on appeal"). Even if DHHS had preserved the issues for appeal, DHHS's argument is self-defeating. For instance, if the Court accepts DHHS's argument as true, Doris Wilson's interest in Brothers' stock and assets would be excluded as a countable asset for Medicaid eligibility purposes pursuant to DHHS's NCAMM. In pertinent part, the NCAMM provides that property actively used in a business or trade is excluded as a resource in determining Medicaid eligibility. North Carolina Adult Medicaid Manual § 2230VIIA.5 (2008). Prior to Doris's and Kenneth Wilson Jr.'s drafting and execution of the Purchase Agreement, Doris Wilson's stock and assets of Brothers would have been characterized as property actively involved in a trade or business, Brothers. Further, during DHHS's administrative agency hearing, the Mecklenburg County income caseworker noted that Brothers was being classified as a non-countable asset prior to Doris Wilson's transfer of, the stock and assets of the business via the Purchase Agreement. Therefore, prior to the Purchase Agreement, Doris Wilson's ownership interest in the stock as Mr. Wilson's spouse would have been excluded by DHHS pursuant to the definitions in the Medicaid Manual.

The stock and asset transfer via the Purchase Agreement should not affect Mr. Wilson's Medicaid eligibility because his eligibility would not have been adversely affected by Doris Wilson's maintain-

ing her ownership of the stock and all assets in Brothers. The purpose of Medicaid, pursuant to Title XIX of the Social Security Act, as stated above, is " 'to reimburse certain costs of medical treatment for needy persons.' " *Schweiker*, 453 U.S. at 36, 69 L. Ed. 2d at 465 (quoting *Harris*, 448 U.S. at 301, 65 L. Ed. 2d at 794). If Doris Wilson had not executed the Purchase Agreement to sell her interest in Brothers to her son, Mr. Wilson may be considered a "needy person" pursuant to Title XIX and the DHHS guidelines, and he would be eligible for Medicaid coverage.

## IV. Conclusion

In accordance with the purpose of Title XIX of the Social Security Act and the NCAMM, we conclude that this Purchase Agreement is not a liquid asset for the purpose of determining Mr. Wilson's Medicaid eligibility. The agreement does not fit squarely within any of the three aforementioned categories of countable assets; therefore, it should be excluded from the calculation. Our Supreme Court has provided that " '[t]he role of the Court is not to sit as a super legislature and second-guess the balance struck by elected officials' "; therefore, this Court should defer in this matter to the policy adopted by the United States Congress. *Diaz v. Division of Soc. Servs.*, 360 N.C. 384, 389, 628 S.E.2d 1, 5 (2006) (quoting *State v. Bryant*, 359 N.C. 554, 565, 614 S.E.2d 479, 486 (2005)). We hold that the trial court, in determining that the Purchase Agreement is chattel, acted under a misapprehension of law and thereby applied an incorrect standard of review to the undisputed facts. The decision of the superior court is reversed, and we remand to the superior court for further remand to DHHS for further proceedings to determine whether petitioner is entitled to Medicaid assistance if the Purchase Agreement is not included in the calculation.

Reversed and remanded.

Judges STEPHENS and BEASLEY concur.