SYDNEY CHERYL SUTTON, Petitioner v. NORTH CAROLINA DEPARTMENT OF LABOR, Respondent

No. COA98-539

(Filed 16 February 1999)

### Administrative Law— judicial review—order—inadequate for appellate review

A superior court order reversing and remanding a State Personnel Commission decision was remanded where the decision was completely silent as to both the scope of review utilized and its application.

Appeal by respondent from order dated 8 January 1998 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 26 January 1999.

*Patton Boggs, L.L.P., by James S. Schenck, IV and Judith K. Guibert, for petitioner-appellee.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Ralf F. Haskell and Assistant Attorney General Daniel D. Addison, for the respondent-appellant.*

GREENE, Judge.

The North Carolina Department of Labor (NCDOL) appeals from the Superior Court's reversal and remand of the State Personnel Commission's (SPC) order determining, *inter alia*, that Sidney Cheryl Sutton (Plaintiff) was not discriminated against based on her sex when she was not promoted to the position of Safety Compliance Officer I (SCO-I).

Plaintiff, a female State employee of NCDOL, applied for a promotion to one of five SCO-I positions available in April of 1995. Plaintiff was denied the promotion, and all five positions were filled by male applicants. Plaintiff alleges she was discriminated against and denied the promotion based on her sex, and was retaliated against because of her allegations of sexual harassment against a former supervisor.

On 2 November 1995, Plaintiff filed a Petition for a Contested Case Hearing in the Office of Administrative Hearings, and a Notice of Contested Case and Assignment was issued on 14 November 1995.

Plaintiff's case came before Administrative Law Judge Meg Scott Phipps (ALJ), who, on 4 February 1997, issued a Recommended Decision determining that Plaintiff "should be placed in the first available [SCO-I] position. She should also receive back pay and front pay, if necessary, as well as attorney's fees."

This matter then was heard before the SPC on 10 April 1997. In declining to accept the ALJ's Recommended Decision, the SPC determined that Plaintiff "was not discriminated against based on her sex when she was not promoted to [SCO-I]" and "[the] five successful candidates that were hired had better qualifications for the position." The SPC also found Plaintiff "was not retaliated against because of her allegations of sexual harassment."

On 22 July 1997, Plaintiff filed a Petition for Judicial Review in the Superior Court of Wake County, Judge Robert L. Farmer (Judge Farmer) presiding, requesting that the SPC's Final Decision be reversed, and the Recommended Decision of the ALJ be adopted. The petition also alleged that the SPC's Final Decision was "affected by [an] error of law, [was] arbitrary and capricious, and [was] not supported by substantial evidence in the record." Judge Farmer entered an order on 8 January 1998 simply stating, "Upon consideration of the arguments presented and the record in this matter, it is, ORDERED, that the Final Decision of the [SPC] is hereby REVERSED, and this action is REMANDED to the [SPC] for further proceedings." Judge Farmer did not state his specific reasons for reversal or the issues to be resolved on remand. NCDOL filed notice of appeal to this Court on 30 January 1998.

---

The dispositive issue is whether Judge Farmer's order is sufficient to allow this Court to conduct the appropriate standard of review.

"The proper standard for the superior court's judicial review [of an administrative agency's decision] depends upon the particular issues presented on appeal." *ACT-UP Triangle v. Commission for Health Services*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997). If the petitioner asserts the agency's decision was not supported by competent evidence or was arbitrary and capricious, the superior court must apply the "whole record" test. *Id.* This test requires the review of all competent evidence to determine whether the agency's decision was supported by substantial evidence. *Id.* When a petitioner alleges an error of law in the agency's decision, the superior court must con-

**SUTTON v. N.C. DEP'T OF LABOR**

[132 N.C. App. 387 (1999)]

duct a "de novo" review, considering the matter anew, and freely substituting its own judgment for the agency's judgment. *Dorsey v. UNC-Wilmington*, 122 N.C. App. 58, 62, 468 S.E.2d 557, 559, *cert. denied*, 344 N.C. 629, 477 S.E.2d 37 (1996). This Court reviews a superior court's order regarding an agency decision for any errors of law. *ACT-UP*, 345 N.C. at 706, 483 S.E.2d at 392. This requires "a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Id.*

The trial court, when sitting as an appellate court to review an administrative agency's decision, must set forth sufficient information in its order to reveal the scope of review utilized and the application of that review. It is not necessary, however, that it "make findings of fact and enter a judgment thereon in the same manner as the court would be when acting in its role as trial court." *Shepherd v. Consolidated Judicial Retirement System*, 89 N.C. App. 560, 562, 366 S.E.2d 604, 605 (1988).

In this case, the superior court's order reversing and remanding the SPC's decision is completely silent as to both the scope of review utilized and its application. We, therefore, are unable to determine whether the review was appropriate and properly conducted. Accordingly, we vacate the order and remand the case to the superior court for the entry of a new order consistent with this opinion.[1]

Vacated and remanded.

Judges JOHN and HUNTER concur.

---

1. We note that Judge Farmer has retired since the entry of this order. In the event Judge Farmer is not available for the entry of a new order, as required by this opinion, the Petition for Judicial Review must be reheard before another superior court judge and a new order entered at the conclusion of that hearing.