INMAN, Judge.
 

 *238
 
 This appeal arises from a zoning dispute. Because the superior court misapplied a
 
 de novo
 
 standard of review and entered new findings of fact contrary to a municipal zoning board's findings, the judgment must be reversed. Also, because the appellee concedes that the record evidence did not support the municipal zoning board's only finding of fact supporting its decision, the board's decision must be reversed.
 

 Noel Thompson ("Petitioner") appeals from an order by the trial court affirming a zoning decision by the Town of White Lake Board of Adjustment (the "Board") that stopped Petitioner from completing construction of a storage building in a residential neighborhood. Petitioner asserts the Board's decision was not supported by competent evidence and misinterpreted the local zoning ordinance. Petitioner also contends the superior court applied the incorrect standard of review to the Board's decision. Respondent, the Town of White Lake (the "Town"), asserts that the superior court applied the correct standard of review and that its judgment should be affirmed. After careful review, we reverse the trial court's judgment as well as the Board's decision.
 

 Factual and Procedural History
 

 Petitioner is the owner of real property located at 1431 Highway 53 East (the "Property") in the Town of White Lake, North Carolina. The Property is zoned as an R-1, residential zoning district. The Town's zoning ordinance (the "Ordinance") provides that a person may construct an accessory storage structure on residential property by obtaining a zoning permit from the Town, which will be issued so long as the structure conforms to the Ordinance and the construction conforms to the issued permit.
 

 On 13 March 2014, Petitioner obtained a zoning permit (the "Permit") from the zoning inspector for the Town, Timothy Frush (the "Zoning Inspector"). The Permit allowed Petitioner to construct a 24'x40' tan, metal storage building on her property for residential purposes. The Permit further specified the Building would have four doors, all facing away from the street. Petitioner proceeded to
 
 *349
 
 construct a building (the "Building") with eight doors, including four facing the street.
 

 In response to complaints about the Building under construction, the Zoning Inspector investigated and found two deviations from the
 
 *239
 
 Permit: (1) the Building had four doors on each side, and (2) the Building had a center dividing wall, which created eight separate 10'x12' units within the whole structure. On 7 April 2014, the Zoning Inspector issued a stop work order (the "Stop Work Order") for the construction of the Building and on 16 April 2014 sent Petitioner a notice of intent to revoke the Permit (the "Notice of Intent"). In the Notice of Intent, the Zoning Inspector cited three reasons that the Building violated the Ordinance:
 

 • The accessory structure is a commercial structure and is inconsistent with the R-1 zoning permit authorization granted by the Town of White Lake. (Article V, 5-1.2)
 

 • The permit recipient failed to develop or maintain the property in accordance with the approved plans. (Article V, 5-6.1)
 

 • The accessory structure is not located behind the front building line of the principle structure. (Article XII, 12-7(A)[sic]
 

 Petitioner appealed the Stop Work Order and Notice of Intent to the Board. After an open meeting which included testimony by the Zoning Inspector and Petitioner, the Board affirmed the Zoning Inspector's decision on the first of the three allegations: that "[t]he accessory structure is a commercial structure and is inconsistent with the R-1 zoning permit authorization...." The Board unanimously voted that "[b]ased on the evidence provided, the allegation is: Valid." The Board rejected the Zoning Inspector's other two allegations-that Petitioner "failed to develop or maintain the property ... in accordance with the approved plans" and that "[t]he accessory structure is not located behind the front building line of the principle structure." The Board voted unanimously that each of those grounds was "[e]rroneous and not supported in fact or under the applicable provisions of the White Lake Zoning Ordinance as alleged by the [Zoning Inspector]." The Board concluded its decision with a comment that "the most serious violation (That the structure would be used for commercial purposes[ ] ) was valid and was sufficient to support the action of revoking the permit."
 

 Petitioner appealed the Board's decision to the Superior Court of Bladen County, arguing,
 
 inter alia
 
 , that (1) the Zoning Inspector presented no competent evidence to support the Board's finding that the Building would be used for commercial purposes, and (2) the Board erred as a matter of law by affirming the Stop Work Order and Notice of Intent pursuant to Article V, 5-1.2 of the Ordinance.
 

 *240
 
 On 14 May 2015, the superior court entered an order affirming the Board's decision. The superior court entered findings of fact including,
 
 inter alia
 
 , that although the Permit approved a building with only four exterior doors facing the residential side of the structure and no internal dividing walls, "[t]he actual structure ... contained [eight] doors and [eight] separate rooms, each with a separate door." The superior court further found that
 

 the actual structure (a mini-storage building with [eight] separate compartments/rooms with [four] street-side doors) [was] not a permissible 'Accessory Use' structure incidental to a residential use as those terms are defined by the White Lake Zoning Ordinance. Furthermore, the [Building], as originally represented by the petitioner (a one-room storage building with [four] doors facing the residence), would have been a permissible 'Accessory Use' structure as defined by the ordinance.
 

 The superior court concluded that the deviation from a one-room structure with four doors to an eight-room structure with eight doors sufficiently diverged from the Permit to support the Stop Work Order and Notice of Intent. The superior court also concluded the Building was not an "Accessory Use" structure incidental to the primary residence, but rather was a "commercial use 'structure' as defined by the ordinance and was not consistent with the R-1 residential use of the lot in question." The superior court did not cite any provision in the Ordinance defining a commercial structure. The superior court affirmed the Board's decision and remanded
 
 *350
 
 the matter to the Board to determine a schedule for Petitioner's compliance with the Permit.
 

 Petitioner timely appealed the superior court's order.
 

 Analysis
 

 I. The Town's Motion to Dismiss
 

 As an initial matter, we address the Town's Motion to Dismiss Petitioner's appeal as interlocutory. The Town asserts the Notice of Intent was not an actual revocation of the Permit, and because Petitioner asserted revocation as grounds for her appeal, we should dismiss the appeal. We disagree.
 

 A party in a civil action has a right of appeal to this Court "[f]rom any final judgment of a superior court[,] ... [or f]rom any interlocutory order or judgment of a superior court ... that ... [a]ffects a substantial right[.]"
 

 *241
 
 N.C. Gen. Stat. § 7A-27(b) (2015).
 
 [1]
 
 "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court."
 
 Veazey v. City of Durham
 
 ,
 
 231 N.C. 357
 
 , 361-62,
 
 57 S.E.2d 377
 
 , 381 (1950) (citations omitted). "An order that completely decides the merits of an action therefore constitutes a final judgment for purposes of appeal even when the trial court reserves for later determination collateral issues such as attorney's fees and costs."
 
 Duncan v. Duncan
 
 ,
 
 366 N.C. 544
 
 , 546,
 
 742 S.E.2d 799
 
 , 801 (2013). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."
 
 Veazey
 
 ,
 
 231 N.C. at 362
 
 ,
 
 57 S.E.2d at 381
 
 .
 

 Here, the superior court fully resolved the merits of the parties' dispute and remanded the matter only for the Board to schedule Petitioner's compliance with her Permit. The superior court fully decided the issues in dispute: (1) whether the Building complied with the Ordinance and (2) whether the Board was correct in affirming the Stop Work Order and Notice of Intent. So while the revocation may not have occurred yet, the superior court determined the Building's non-compliance with the Ordinance and the Board's justification for affirming the notices and remanded the matter for Board proceedings that would lead either to compliance by Petitioner or revocation of the Permit with no further determination by the superior court. The superior court also ordered Petitioner to pay court costs associated with the matter, further indicating the finality of the judgment. The decision left nothing more to be resolved in the superior court. Accordingly, we hold the superior court's order was a final order for the purposes of this appeal.
 

 II. The Superior Court's Review
 

 A. Standard of Review
 

 "An appellate court's review of the trial court's zoning board determination is limited to determining whether the superior court applied the correct standard of review, and to determine whether the superior court correctly applied that standard."
 
 Overton v. Camden Cnty.
 
 ,
 
 155 N.C.App. 391
 
 , 393-94,
 
 574 S.E.2d 157
 
 , 160 (2002) (citation omitted).
 

 When the superior court hears a decision from a board of adjustment, it "sits as an appellate court, and not as a trier of facts[.]"
 

 *242
 

 Sun Suites Holdings, LLC v. Bd. of Alderman of Town of Garner
 
 ,
 
 139 N.C.App. 269
 
 , 271,
 
 533 S.E.2d 525
 
 , 527 (2000) (quoting
 
 Tate Terrace Realty Investors, Inc. v. Currituck Cnty.
 
 ,
 
 127 N.C.App. 212
 
 , 217,
 
 488 S.E.2d 845
 
 , 848 (1997) ). The superior court's review is limited to determinations of whether:
 

 1) the [b]oard committed any errors in law; 2) the [b]oard followed lawful procedure; 3) the petitioner was afforded appropriate due process; 4) the [b]oard's decision was supported by competent evidence in the whole record; and 5) [whether] the [b]oard's decision was arbitrary and capricious.
 

 Overton
 
 ,
 
 155 N.C.App. at 393
 
 ,
 
 574 S.E.2d at 159
 
 (alterations in original) (quoting
 
 *351
 

 Capital Outdoor, Inc. v. Guilford Cnty. Bd. of Adjustment
 
 ,
 
 152 N.C.App. 474
 
 , 475,
 
 567 S.E.2d 440
 
 , 441 (2002) (citation omitted)).
 

 The proper standard of review for the superior court "depends upon the particular issues presented on appeal."
 
 Amanini v. N.C. Dep't of Human Res., N.C. Special Care Ctr.
 
 ,
 
 114 N.C.App. 668
 
 , 374,
 
 443 S.E.2d 114
 
 , 118 (1994) (citation omitted). "If a petitioner contends the [b]oard's decision was based on an error of law, 'de novo' review is proper."
 
 JWL Invs., Inc. v. Guilford Cnty. Bd. of Adjustment
 
 ,
 
 133 N.C.App. 426
 
 , 429,
 
 515 S.E.2d 715
 
 , 717 (1999). "When the petitioner 'questions (1) whether the agency's decision was supported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the "whole record" test.' "
 
 ACT-UP Triangle v. Comm'n for Health Servs. of the State of N.C.
 
 ,
 
 345 N.C. 699
 
 , 706,
 
 483 S.E.2d 388
 
 , 392 (1997) (quoting
 
 In re Appeal by McCrary
 
 ,
 
 112 N.C.App. 161
 
 , 165,
 
 435 S.E.2d 359
 
 , 363 (1993) ).
 

 "Under a
 
 de novo
 
 review, the superior court 'consider[s] the matter anew[ ] and freely substitute[es] its own judgment for the agency's judgment.' "
 
 Mann Media Inc. v. Randolph Cnty. Planning Bd.
 
 ,
 
 356 N.C. 1
 
 , 13-14,
 
 565 S.E.2d 9
 
 , 17 (2002) (alterations in original) (quoting
 
 Sutton v. N.C. Dep't. of Labor
 
 ,
 
 132 N.C.App. 387
 
 , 389,
 
 511 S.E.2d 340
 
 , 341 (1999) ). "The 'whole record' test requires the reviewing court to examine all competent evidence (the 'whole record') in order to determine whether the agency decision is supported by 'substantial evidence.' "
 
 Amanini
 
 ,
 
 114 N.C.App. at 674
 
 ,
 
 443 S.E.2d at 118
 
 (citation omitted). "[T]he 'whole record' test 'gives a reviewing court the capability to determine whether an administrative decision has a rational basis in the evidence[,]' "
 
 Bennett v. Hertford Cnty. Bd. of Educ.
 
 ,
 
 69 N.C.App. 615
 
 , 618,
 
 317 S.E.2d 912
 
 , 915 (1984) (quoting
 
 *243
 

 Overton v. Goldsboro City Bd. of Educ.
 
 ,
 
 304 N.C. 312
 
 , 322,
 
 283 S.E.2d 495
 
 , 501 (1981) ), but "does not allow the reviewing court to replace the [b]oard's judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it
 
 de novo
 
 ,"
 
 Thompson v. Wake Cnty. Bd. of Educ.
 
 ,
 
 292 N.C. 406
 
 , 410,
 
 233 S.E.2d 538
 
 , 541 (1977). "It is not the function of the reviewing court ... to find facts, but instead, ... to determine if the findings made by the [b]oard are supported by the evidence."
 
 JWL Invs.
 
 ,
 
 133 N.C.App. at 429
 
 ,
 
 515 S.E.2d at 717
 
 (citation omitted).
 

 B. Discussion
 

 We now consider whether the superior court applied the appropriate standards of review to the Board's determination of the Notice of Intent and Stop Work Order, and if so, whether the superior court applied the standards correctly. We start with the issues presented to the superior court on appeal from the Board's decision.
 

 In her petition for writ of certiorari to the superior court, Petitioner contended:
 

 28. The findings, inferences, conclusion and decisions of the Board that the storage building is a commercial structure inconsistent with the R-1 zoning permit authorization granted by the Town are not supported by substantial competent evidence in view of the entire record.
 

 29. The Board's findings, inferences, conclusions and decisions were arbitrary and capricious.
 

 ...
 

 31. The Board's decision violates N.C. Gen. Stat. § 160A-381 in that the Board failed to interpret the Ordinance in a manner that promotes the health, safety, morals and general welfare of the community.
 

 Petitioner's contentions implicate both
 
 de novo
 
 and whole record standards of review. " '[A] court may properly employ both standards of review in a specific case.' "
 
 Mann Media
 
 ,
 
 356 N.C. at 15
 
 ,
 
 565 S.E.2d at 18
 
 (quoting
 
 Sun Suites
 
 ,
 
 139 N.C.App. at 273
 
 ,
 
 533 S.E.2d at
 
 528 ). "However, the standards are to be applied separately to discrete issues, and the reviewing superior court must identify which standard(s) it applied to which issues[.]"
 

 Id.
 

 (internal quotation marks and citations omitted). In this case, whole record review applies to the Board's findings and
 
 *244
 
 inferences and
 
 de novo
 
 review applies to the Board's conclusions of law and interpretation of the Ordinance.
 
 *352
 
 The superior court's judgment described the standard of review as follows:
 

 Based upon the facts, the [c]ourt concludes that there are questions of law presented. The [c]ourt should apply a
 
 de novo
 
 standard of review to Board decisions involving application and interpretation of zoning ordinances.
 

 But the superior court also made its own findings of facts based "[u]pon reviewing the evidence and hearing argument of Counsel[.]" The superior court's language and the act of finding facts makes clear it applied a
 
 de novo
 
 standard to all issues in dispute, including the Board's findings and inferences. The superior court did not apply the whole record standard to the Board's findings as required by the issues presented by Petitioner. Nor did the superior court acknowledge the distinction between the issues of fact and issues of law before it.
 

 The Board's decision was not a model of clarity for judicial review. Following the recital of the issues before it, the Board's decision states as follows: "Having heard all of the evidence and arguments presented at this hearing, the Board made the following FINDINGS OF FACT and drew the following CONCLUSIONS" and next states: "There is substantial evidence in the record to show the following Facts and Conclusions." With respect to the allegation on which it affirmed the Zoning Inspector and denied Petitioner's appeal, the Board's decision indicates that its members unanimously voted that "[b]ased on the evidence provided, the allegation is: Valid."
 

 Article II of the Ordinance, titled "Interpretations and Definitions," does not define the term "commercial structure" or the word "commercial." It provides that "[w]ords not defined in this Ordinance shall be given their ordinary and common meaning." Town of White Lake, N.C., Zoning Ordinance, Art. II, § 2-2.1 (2011). The Town on appeal refers to the "finding" by the Board that "the structure
 
 would
 
 be used for commercial purposes," and comments that "the word 'could' was probably intended by the Board."
 
 [2]
 
 In addition to the Town's reference on appeal to this determination as a finding of fact, before the Board, counsel for
 
 *245
 
 the Town and for Petitioner addressed the dispute regarding the nature of the Building as an issue of fact.
 
 [3]
 

 In their deliberations on Petitioner's appeal in open session, Board members discussing the allegation that the Building was a commercial structure did not refer to the scope or meaning of the Ordinance. Before voting commenced, one member commented that "if you vote that it's valid which means that means [sic] you are supporting what the zoning officer has said in his letter that the accessory structure is a commercial structure and is inconsistent with R1 zoning permit authorized." Each member voted that the allegation was valid. While the language of the Board's decision was not clear, considered in the context of the record, the determination that the Building is a commercial structure arose from the Board members' consideration of evidence presented and inferences drawn from the evidence.
 
 [4]
 
 As such,
 
 *353
 
 it required a whole record review by the superior court, and the superior court was prohibited from substituting its findings for the findings of the Board.
 

 The parties agree that the Board's only factual justification to affirm the Stop Work Order and the Notice of Intent-"That the structure would be used for commercial purposes"-was not supported by the evidence. The Town concedes on appeal that "there is no evidence of the Petitioner's intended use for commercial purposes." But the Town seeks to classify the Board's decision and subsequently the superior court's decision regarding the character of the building as an issue of law requiring a
 
 de novo
 
 review. This argument is inconsistent with the record and the language of the Board's decision.
 

 *246
 
 The Town asserts that the Board's finding that "[t]he accessory structure is a commercial structure and is inconsistent with the R-1 zoning permit authorization granted by the Town of White Lake" supports the superior court's application of a
 
 de novo
 
 review because consistency with the R-1 zoning permit requires an interpretation of the Ordinance,
 
 i.e.
 
 , an issue of law. This argument is refuted by the record of the Board's determination that the evidence presented did
 
 not
 
 support the Zoning Inspector's allegation that "[t]he permit recipient failed to develop or maintain the property ... in accordance with the approved plans." The Board affirmed the Stop Work Order and Notice of Intent based solely on the allegation that the Building would be used "for commercial purposes." The superior court may not substitute its own justification for that of the Board with regard to findings and inferences from the evidence where a challenge is based upon whether substantial evidence exists to support the Board's decision.
 
 Thompson
 
 ,
 
 292 N.C. at 410
 
 ,
 
 233 S.E.2d at 541
 
 . The superior court, in finding that the Building was constructed inconsistent with the Permit, contradicted the Board's finding that such allegation was erroneous and substituted an alternative basis to affirm the Stop Work Order and Notice of Intent.
 

 Ordinarily when a superior court applies the wrong standard of review to a municipal board decision, this Court vacates the superior court judgment and remands for proper application of the correct standard.
 
 See
 

 Sutton
 
 ,
 
 132 N.C.App. at 389
 
 ,
 
 511 S.E.2d at 342
 
 . But we need not do so in this case because the Town, in its brief before this Court, concedes that the Board's factual finding necessary for the decision challenged on appeal was not supported by the evidence. In the interest of judicial economy, we conclude remand to the superior court is unnecessary.
 
 See
 

 Mann Media
 
 ,
 
 356 N.C. at 15-16
 
 ,
 
 565 S.E.2d at
 
 18-19 ;
 
 Sun Suites
 
 ,
 
 139 N.C.App. at 274
 
 ,
 
 533 S.E.2d at 528-29
 
 .
 

 Conclusion
 

 Because the superior court applied the wrong standard of review and entered its own findings inconsistent with the Board's findings, and because the parties agree the evidence did not support the Board's determination that the Building would be used for commercial purposes, we reverse both the superior court's decision and the Board's decision.
 

 REVERSED.
 

 Judges BRYANT and TYSON concur.
 

 [1]
 

 N.C. Gen. Stat. § 7A-27 was amended in 2016; however, this amendment does not affect the cited language.
 

 [2]
 

 The record indicates, however, that Petitioner's counsel urged Board members to consider only the proven purpose for the Building rather than whether it "could" be used for commercial purposes. The record indicates no effort by the Town to correct the Board's word choice in its finding.
 

 [3]
 

 Petitioner testified that her intended use of the Building was "strictly personal." She testified that she had no plans to rent the Building or any portion of it for storage by others. She acknowledged that some of the items she planned to store in the Building were used in her vacation rental properties, but also said the storage would include "some things I put in my own house." The Town presented hearsay evidence of several complaints the Zoning Inspector had received protesting the Building or rental of storage units in Petitioner's neighborhood. Petitioner's counsel argued to the Board that "a commercial structure is a structure that is used to make money," and noted that no evidence had been presented showing that Petitioner intended to make money from the Building. The Town's counsel argued to the Board that it needed to determine,
 
 inter alia
 
 , "[t]he specific use of which the building is intended."
 

 [4]
 

 Likewise, the Board's determination that the Zoning Inspector's other two allegations were erroneous arose at least in part from findings of fact by the Board. Neither Petitioner, who prevailed on those issues before the Board, nor the Town appealed those determinations. They were therefore not subject to review by the superior court and are not subject to review by this Court.