TYSON, Judge.
 

 *27
 
 Stacia Ward Johnson ("Petitioner") appeals two orders of the superior court issued upon review of orders from the clerk of superior court. We vacate both of the superior court's orders and remand.
 

 I.
 
 Background
 

 Clarence Maynard Johnson ("Decedent") and Petitioner were married on 14 August 1999. Decedent died testate on 28 September 2014. Decedent's last will and testament dated 5 April 2013 was submitted for probate on 18 November 2014. Decedent's will named one of Decedent's two sons from a prior marriage, Edward Michael Johnson
 
 *28
 
 ("Respondent"), as his executor. In his will, Decedent left a residence at 512 North Pine Lane in Wadesboro and one-half of all of his other real property and personal property to Petitioner. The remaining one-half undivided interest was devised to Respondent and Mark Johnson, Decedent's other son by a prior marriage.
 

 Petitioner submitted an AOC-E-100 form for a year's allowance of $30,000.00 as a
 
 *859
 
 surviving spouse pursuant to
 
 N.C. Gen. Stat. § 30-15
 
 on 14 January 2016. After applying
 
 N.C. Gen. Stat. § 30-31
 
 , the Anson County Clerk of Superior Court entered an order on 20 January 2016 ("the January 2016 Order") finding Petitioner was "entitled to a year's allowance in the amount of $13,349.50 ... to be credited against her distributive share." The January 2016 Order also specified that two motor vehicles totaling $3,050.00 in value and an insurance check for damage to another motor vehicle in the amount of $4,097.06 be assigned to Petitioner in partial payment of the year's allowance. After assigning the vehicles and the check, the January 2016 Order specified that a $6,202.44 balance on the $13,349.50 assignment was to be paid from the estate's assets.
 

 Also on 20 January 2016, the Assistant Anson County Clerk of Superior Court signed the section entitled "ASSIGNMENT OF YEAR'S ALLOWANCE" on the AOC-E-100 form submitted by Petitioner. The "ASSIGNMENT OF YEAR'S ALLOWANCE" section of the form contains pre-printed language, which states:
 

 I have examined the above application and have determined the money and other personal property of the decedent. I find that the allegations in the application are true and that each person(s) named in the application is entitled to the allowance requested.
 

 I ASSIGN to the applicant the funds or other items of the personal property of the decedent listed below, which I have valued as indicated. This property is assigned free and clear of any lien by judgment or execution against the decedent and is to be paid by the applicant to the person(s) entitled. I assess as a DEFICIENCY the amount, if any, shown below, which is to be paid or delivered to the proper person when any additional personal assets of the decedent are discovered.
 

 The form listed the $13,349.50 worth of Decedent's personal property assigned to Petitioner to pay her year's allowance, and noted a deficiency of $16,650.50, the difference between the $30,000.00 year's allowance
 
 *29
 
 provided under
 
 N.C. Gen. Stat. § 30-15
 
 (2014) and the $13,349.50 worth of personal property assigned to Petitioner.
 

 On 11 September 2017, Petitioner filed a petition for revocation of letters testamentary issued to Respondent. Petitioner alleged:
 

 a. [Respondent] has failed to properly handle, manage, and account for estate assets in accordance with the North Carolina General Statutes;
 

 b. [Respondent] has failed to file timely and accurate periodic accountings with the Clerk;
 

 c. The estate has been open for three (3) years and accurate and complete final distributions and a final accounting have yet to be proffered; and
 

 d. These and potentially other failures and circumstances appear to rise to a violation of the fiduciary duty of the [Respondent's] office under NCGS 28A-9-1(3).
 

 A hearing was held on Petitioner's petition on 8 November 2017 before the clerk of superior court. Petitioner asserted Respondent had committed multiple breaches of his fiduciary duties as the estate executor, including failing to satisfy the deficiency on Petitioner's year's allowance before paying lower priority claims on Decedent's estate.
 

 Petitioner also asserted, in part, that: (1) Respondent had failed to include several assets in the estate's inventory, including the contents of two safes owned by Decedent that contained firearms, U.S. currency, and a coin collection; (2) Respondent had improperly included non-probate real estate transactions within his estate accounting, including the sale of timber from Decedent's real property, real estate rents, and real estate expenses; (3) Respondent had calculated his commissions as executor based upon inflated receipts and disbursements; and (4) Respondent had failed to provide vouchers to support disbursements made from the estate.
 

 At the conclusion of the hearing, the clerk of superior court orally ruled that there was
 
 *860
 
 a deficiency of $16,650.50 in Petitioner's year's allowance, and ordered Respondent to issue Petitioner a check for the deficiency. The clerk also ordered an appraisal of Decedent's coin collection and calendared a hearing for 29 November 2017 on the results of the appraisal. The clerk deferred ruling on the removal of Respondent as the executor. Respondent gave oral notice of appeal of the clerk's order on the deficiency payment.
 
 *30
 
 After the hearing, Petitioner filed a new petition for the revocation of Respondent's letters testamentary on 17 November 2017. In the new petition, Petitioner reasserted the arguments she had made for removal of Respondent as the estate executor at the 8 November hearing and in her previous petition.
 

 On 20 November 2017, the clerk of court issued a written order ("the Deficiency Order") which contained findings of fact and conclusions of law. The Deficiency Order required that Petitioner be paid the $16,650.50 deficiency for the year's allowance. The order contained the following relevant findings of fact:
 

 6. That on January 20th, 2016 the Anson County Clerk of Superior Court issued an order Assigning Spouse Year's Allowance of $13,349.50 ....
 

 7. That the aforementioned remittance in paragraph #6 of $13,349.50, toward an Assignment of Year's Allowance, did and does cause a remaining deficiency of $16,650.50 to the Spouse's Year's Allowance, per N.C.G.S. 30-15.
 

 Based upon these findings, the clerk of court concluded, in relevant part:
 

 8. That on January 20th, 2016 the court approved and ordered a Year's Allowance to be assigned to [Petitioner] in the amount of $13,349.50, leaving a deficiency of $16,650.50, per N.C.G.S. 30-15.
 

 On 19 December 2017, the clerk of court issued an order ("the Revocation Order") denying Petitioner's petition for revocation of letters testamentary granted to Respondent. The Revocation Order contained the following relevant findings of fact:
 

 8. The Court has examined the filed reports of the Executor. While sometimes tardy, the Court can find no breach of fiduciary duty, no evidence of bad faith and no misconduct that would justify removal or revocation of letters testamentary.
 

 9. The Court finds no evidence that [Respondent] has acted in bad faith in carrying out his fiduciary duties as Executor.
 

 10. The Court finds no evidence that [Respondent] is guilty of misconduct in the execution of his office.
 

 *31
 
 11. The Court finds no evidence that [Respondent] has a private interest that might hinder or be adverse to a proper administration of the estate.
 

 The Revocation Order concluded, in part:
 

 2. [Respondent] has violated no fiduciary duty through default or misconduct in the execution of his office.
 

 3. [Respondent] has no private interest, whether direct or indirect, that might tend to hinder or be adverse to a fair and proper administration of the estate.
 

 Petitioner filed written notice of appeal of the Revocation Order to the superior court, "pursuant to N.C.G.S. §§ 28A-9-4 and 28A-2-9(b) and 1-301.2 or alternatively 1-301.3 ...."
 

 The superior court conducted a hearing on Petitioner and Respondent's appeals on 12 February 2018. The superior court issued two orders on 6 March 2018. One order denied Petitioner's petition for revocation of letters testamentary granted to Respondent. The other order allowed Respondent's appeal of the Deficiency Order and declared the Deficiency Order null and void. The superior court ruled that the clerk of court's 20 January 2016 order, which did not specify a deficiency owed to Petitioner, controlled over the Deficiency Order.
 

 Petitioner filed timely notice of appeal of the superior court's two orders.
 

 II.
 
 Jurisdiction
 

 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2017).
 

 *861
 
 III.
 
 Issues
 

 Petitioner argues the superior court applied the incorrect standards of review to the Revocation Order and the Deficiency Order, which warrants reversal and remand of both orders to the superior court. In the alternative, Petitioner argues the superior court erred in denying her petition for revocation of letters testamentary and in ruling the clerk of court's deficiency order was null and void.
 

 IV.
 
 Standard of Review
 

 "On appeal to the Superior Court of an order of the Clerk in matters of probate, the trial court judge sits as an appellate court."
 
 In re Estate of Pate
 
 ,
 
 119 N.C. App. 400
 
 , 402-03,
 
 459 S.E.2d 1
 
 , 2-3 (1995) (quotations
 
 *32
 
 and citations omitted). "The standard of review in this Court is the same as in the Superior Court."
 
 Id.
 
 at 403,
 
 459 S.E.2d at 3
 
 . "Errors of law are reviewed
 
 de novo
 
 ."
 
 Overton v. Camden Cty
 
 .,
 
 155 N.C. App. 391
 
 , 393,
 
 574 S.E.2d 157
 
 , 160 (2002) (citation omitted).
 

 We address Petitioner's arguments that the superior court applied the wrong standards of review to each of the clerk of court's orders.
 

 V.
 
 Analysis
 

 A.
 
 The Revocation Order
 

 Petitioner argues the superior court failed to apply
 
 de novo
 
 review to the clerk of court's Revocation Order, which denied Petitioner's petition to revoke letters testamentary granted to Respondent as executor of Decedent's estate.
 

 In her notice of appeal to the superior court, Petitioner appealed "pursuant to N.C.G.S. §§ 28A-9-4 and 28A-2-9(b) and 1-301.2 or alternatively 1-301.3 ...."
 

 N.C. Gen. Stat. § 28A-9-4 (2017) provides an "interested person" a right to appeal a clerk of court's order granting or denying revocation of letters testamentary to the superior court. The statute states:
 

 Any interested person may appeal from the order of the clerk of superior court granting or denying revocation
 
 as a special proceeding pursuant to G.S. 28A-2-9(b)
 
 . The clerk of superior court may issue a stay of an order revoking the letters upon the appellant posting an appropriate bond set by the clerk until the cause is heard and determined upon appeal.
 

 N.C. Gen. Stat. § 28A-9-4 (emphasis supplied). N.C. Gen. Stat. § 28A-2-9(b) (2017) specifically provides: "Appeals in special proceedings shall be as provided in
 
 G.S. 1-301.2
 
 ." (emphasis supplied).
 

 N.C. Gen. Stat. § 1-301.2
 
 (e) (2017) in turn states, in relevant part:
 

 (e) Appeal of Clerk's Decisions.-- ... [A] party aggrieved by an order or judgment of a clerk that finally disposed of a special proceeding, may, within 10 days of entry of the order or judgment,
 
 appeal to the appropriate court for a hearing de novo
 
 .... (Emphasis supplied).
 

 Although Petitioner appealed, in the alternative, under
 
 N.C. Gen. Stat. § 1-301.3
 
 , nothing indicates that section provides an alternative method to appeal decisions or orders of a clerk of court granting or
 
 *33
 
 denying letters testamentary.
 
 N.C. Gen. Stat. § 1-301.3
 
 generally governs appeals of trust and estate matters decided by a clerk of court; however, this statute expressly states:
 

 (a) Applicability. -- This section applies to matters arising in the administration of trusts and of estates of decedents, incompetents, and minors.
 
 G.S. 1-301.2 applies in the conduct of a special proceeding when a special proceeding is required in a matter relating to the administration of an estate.
 

 N.C. Gen. Stat. § 1-301.3
 
 (a) (2017) (emphasis supplied). Under N.C. Gen. Stat. §§ 28A-9-4, 28A-2-9(b) and 1-301.2, an appeal from an order of the clerk of superior court granting or denying a petition to revoke letters testamentary mandates a
 
 de novo
 
 hearing.
 
 N.C. Gen. Stat. § 1-301.2
 
 (e) provides the appropriate scope of review for Petitioner's appeal of the Revocation Order to the superior court, and not
 
 N.C. Gen. Stat. § 1-301.3
 
 .
 
 See
 
 id.
 

 *862
 
 Respondent cites this Court's opinion in
 
 In re Estate of Longest
 
 ,
 
 74 N.C. App. 386
 
 ,
 
 328 S.E.2d 804
 
 (1985), to contend the superior court was not required to conduct a
 
 de novo
 
 hearing and that the court applied the correct standard of review.
 
 Longest
 
 involved an appeal of a superior court order affirming a clerk of court's order to revoke letters testamentary.
 
 Longest
 
 ,
 
 74 N.C. App. at 388-89
 
 ,
 
 328 S.E.2d at 806
 
 .
 

 This Court stated, in relevant part: "Civil actions and special proceedings, ... which originate before the Clerk of Court are heard
 
 de novo
 
 when appealed to the Superior Court. However, a proceeding to remove an executor is not a civil action or a special proceeding."
 
 Id.
 
 at 389,
 
 328 S.E.2d at 807
 
 (citation omitted). The Court also stated: "[I]n an appeal from an order of the Clerk in a probate matter, the Superior Court is not required to conduct a
 
 de novo
 
 hearing."
 
 Id.
 
 at 390,
 
 328 S.E.2d at 807
 
 .
 

 Longest
 
 was decided prior to the General Assembly's amendment of N.C. Gen. Stat. § 28A-9-4 in 2011 to provide for "a hearing
 
 de novo
 
 " in the nature of a special proceeding. The General Assembly enacted N.C. Gen. Stat. § 28A-2-9(b) to make
 
 N.C. Gen. Stat. § 1-301.2
 
 , which provides for a
 
 de novo
 
 hearing, applicable to appeals of orders granting or denying letters testamentary. Session Laws 2011-344, § 4, eff. Jan. 1, 2012. This Court's opinion in
 
 Longest
 
 no longer controls the standard or scope of review applied to appeals to the superior court of a clerk of court's order granting or denying letters testamentary.
 
 See
 
 id.
 

 Respondent's position is contradicted by the plain language and legislative history of the statutes.
 

 *34
 
 The superior court was not required to review the Revocation Order
 
 de novo
 
 , but to conduct "a hearing
 
 de novo
 
 " pursuant to N.C. Gen. Stat. §§ 28A-9-4, 28A-2-9(b), and 1-301.2.
 

 The superior court's order denying Petitioner's petition to revoke Respondent's letters testamentary, states, in relevant part:
 

 [A]fter review of the court file, evidence presented, petitioner's post hearing brief, applicable law, and arguments of counsel, the Court finds as follows:
 

 1. That the findings of fact are supported by the evidence;
 

 2. That the conclusions of law are supported by the findings of facts; and
 

 3. That the order is consistent with the conclusions of law.
 

 The language of the superior court's order does not indicate it conducted "a hearing
 
 de novo
 
 " as is required by
 
 N.C. Gen. Stat. § 1-301.2
 
 . Instead, the language of the trial court's order tracks the language of
 
 N.C. Gen. Stat. § 1-301.
 

 3
 
 (d)
 
 , which states:
 

 (d) Duty of Judge on Appeal. -- Upon appeal, the judge of the superior court shall review the order or judgment of the clerk for the purpose of determining only the following:
 

 (1) Whether the findings of fact are supported by the evidence.
 

 (2) Whether the conclusions of law are supported by the findings of facts.
 

 (3) Whether the order or judgment is consistent with the conclusions of law and applicable law.
 
 (Emphasis supplied).
 

 The Supreme Court of North Carolina has recognized that "When the order or judgment appealed from was entered under a misapprehension of the applicable law, the judgment, including the findings of fact and conclusions of law on which the judgment was based, will be vacated and the case remanded for further proceedings."
 
 Concerned Citizens v. Holden Enterprises
 
 ,
 
 329 N.C. 37
 
 , 54-55,
 
 404 S.E.2d 677
 
 , 688 (1991) (citation omitted);
 
 see
 

 Thompson v. Town of White Lake,
 
 --- N.C. App. ----, ----,
 
 797 S.E.2d 346
 
 , 353 (2017) ("Ordinarily when a superior court applies the wrong standard of review ... this Court vacates the superior court judgment and remands for proper application of the correct standard.").
 

 *35
 
 Based upon the superior court's apparent misapprehension of the scope of its review, the appeal of the clerk of court's Revocation
 
 *863
 
 Order must be remanded to the superior court for "a hearing
 
 de novo
 
 " in accordance with N.C. Gen. Stat. §§ 28A-9-4, 28A-2-9(b), and 1-301.2.
 

 "The word '
 
 de novo'
 
 means fresh or anew; for a second time; and a
 
 de novo
 
 trial in appellate court is a trial had as if no action whatever had been instituted in the court below."
 
 In re Hayes
 
 ,
 
 261 N.C. 616
 
 , 622,
 
 135 S.E.2d 645
 
 , 649 (1964) (citation and quotation marks omitted). "A court empowered to hear a case
 
 de novo
 
 is vested with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court."
 
 Caswell Cty. v. Hanks
 
 ,
 
 120 N.C. App. 489
 
 , 491,
 
 462 S.E.2d 841
 
 , 843 (1995) (citations and internal quotation marks omitted).
 

 In
 
 Hanks
 
 , this Court analyzed the provision of
 
 N.C. Gen. Stat. § 67-4.1
 
 (c) providing for an appeal to superior court of a county's animal control appellate board's determination that a dog is a "potentially dangerous dog."
 

 Id.
 

 at 490
 
 ,
 
 462 S.E.2d at 842
 
 .
 
 N.C. Gen. Stat. § 67-4.1
 
 (c) states, in relevant part: "The appeal
 
 shall be heard de novo
 
 before a superior court judge sitting in the county in which the appellate Board whose ruling is being appealed is located."
 

 In analyzing
 
 N.C. Gen. Stat. § 67-4.1
 
 (c), this Court stated: "The language of the statute in this case is mandatory, providing that the appeal to superior court 'shall be heard
 
 de novo
 
 [.]' "
 
 Hanks
 
 ,
 
 120 N.C. App. at 491
 
 ,
 
 462 S.E.2d at
 
 843 (citing
 
 N.C. Gen. Stat. § 67-4.1
 
 (c) ).
 

 This Court held: "The plain language of
 
 N.C. Gen. Stat. § 67-4.1
 
 (c) ... requires that the superior court must hear the case on its merits from beginning to end as if no hearing had been held by the Board and without any presumption in favor of the Board's decision."
 

 Id.
 

 As with
 
 N.C. Gen. Stat. § 67-4.1
 
 (c),
 
 N.C. Gen. Stat. § 1-301.2
 
 (e) expressly provides for "a hearing
 
 de novo
 
 " on appeal to the superior court, and not just
 
 de novo
 
 or whole record review. The order appealed from is vacated and remanded. Upon remand, the superior court is required to conduct "a hearing
 
 de novo
 
 " of Petitioner's petition for revocation of letters testamentary, "as if no hearing had been held by the [clerk] and without any presumption in favor of the [clerk's] decision."
 
 Hanks
 
 ,
 
 120 N.C. App. at 491
 
 ,
 
 462 S.E.2d at 843
 
 .
 

 B.
 
 The Deficiency Order
 

 Petitioner also argues the superior court applied the wrong standard of review to Respondent's appeal of the Deficiency Order. We agree.
 

 *36
 
 Unlike petitions for revocation of letters testamentary under N.C. Gen. Stat. § 28A-9-4, no statute expressly addresses appeals of a clerk of court's order awarding or denying a deficiency for a surviving spouse's year's allowance under
 
 N.C. Gen. Stat. § 30-15
 
 (2017).
 

 The appeal of a clerk of court's order regarding a deficiency in a year's allowance falls under the general area of "[a]ppeal[s] of trust and estate matters determined by clerk," and is governed by
 
 N.C. Gen. Stat. § 1-301.3
 
 . This statute provides, in relevant part:
 

 (a) Applicability. -- This section applies to matters arising in the administration of trusts and of estates of decedents, incompetents, and minors. ...
 

 (b) Clerk to Decide Estate Matters. -- In matters covered by this section, the clerk shall determine all issues of fact and law. The clerk shall enter an order or judgment, as appropriate, containing findings of fact and conclusions of law supporting the order or judgment.
 

 (c) Appeal to Superior Court. -- A party aggrieved by an order or judgment of the clerk may appeal to the superior court by filing a written notice of the appeal with the clerk within 10 days of entry of the order or judgment after service of the order on that party. ...
 

 (d) Duty of Judge on Appeal. -- Upon appeal, the judge of the superior court
 
 *864
 
 shall review the order or judgment of the clerk
 
 for the purpose of determining only the following:
 

 (1) Whether the findings of fact are supported by the evidence.
 

 (2) Whether the conclusions of law are supported by the findings of facts.
 

 (3) Whether the order or judgment is consistent with the conclusions of law and applicable law.
 

 N.C. Gen. Stat. § 1-301.3
 
 (a) - (d) (emphasis supplied).
 

 This Court has stated:
 

 On appeal to the Superior Court of an order of the Clerk in matters of probate, the trial court judge sits as an appellate court. When the order or judgment appealed from does contain specific findings of fact or conclusions to which an appropriate exception has been taken, the role of the
 
 *37
 
 trial judge on appeal is to apply the whole record test. In doing so, the trial judge reviews the Clerk's findings and may either affirm, reverse, or modify them. If there is evidence to support the findings of the Clerk, the judge must affirm. Moreover, even though the Clerk may have made an erroneous finding which is not supported by the evidence, the Clerk's order will not be disturbed if the legal conclusions upon which it is based are supported by other proper findings.
 

 Pate
 
 ,
 
 119 N.C. App. at 402-03
 
 ,
 
 459 S.E.2d at 2-3
 
 (citations and quotation marks omitted). The superior court's order granting Respondent's appeal and vacating the clerk of court's Deficiency Order states, in relevant part:
 

 [U]pon the Respondent's appeal of the November 20, 2017 Order of the Honorable Mark Hammonds, Clerk of Superior Court for Anson County, finding a year's allowance deficiency, and after review of the court file, evidence presented, petitioner's post hearing brief, applicable law, and arguments of counsel, the Court finds that the Honorable Mark Hammonds, Clerk of Superior Court for Anson County, entered an Order on January 20, 2016 Assigning Spouse['s] Year's Allowance of $13,349.50, as a credit against the spouse['s] testate share, without any deficiency. The court finds that the January 20, 2016 Order to be the controlling Order, and that the Order entered on November 20, 2017 by Clerk Hammonds finding a year's allowance deficiency of $16,650.50 is null and void and of no effect.
 

 The superior court's order does not indicate the court applied the deferential standard of review as is required by
 
 N.C. Gen. Stat. § 1-301.3
 
 (d), but instead disregarded the clerk of court's findings of fact and conducted a
 
 de novo
 
 review. The superior court's ruling on Respondent's appeal of the clerk's Deficiency Order must also be vacated and remanded to the superior court for application of the correct standard of review as is required by
 
 N.C. Gen. Stat. § 1-301.3
 
 (d).
 
 See
 

 Concerned Citizens
 
 ,
 
 329 N.C. at 54-55
 
 ,
 
 404 S.E.2d at 688
 
 .
 

 VI.
 
 Conclusion
 

 The superior court applied the wrong scope of review to the clerk of court's Revocation Order and the wrong standard of review to the clerk's Deficiency Order. We vacate and remand these matters to the
 
 *38
 
 superior court for application of the statutorily mandated scopes of review. Upon remand, the superior court must conduct "a hearing
 
 de novo
 
 " of Petitioner's appeal of the Revocation Order in accordance with N.C. Gen. Stat. §§ 28A-9-4, 28A-2-9(b), and 1-301.2. The superior court must apply the controlling standard of review required by
 
 N.C. Gen. Stat. § 1-301.3
 
 (d) to Respondent's appeal of the Deficiency Order.
 
 It is so ordered
 
 .
 

 VACATED AND REMANDED.
 

 Judges ZACHARY and COLLINS concur.