IN THE COURT OF APPEALS OF NORTH CAROLINA

Nos. COA19-326, 19-327

Filed: 7 January 2020

Buncombe County, Nos. 16-E-1030, 18-SP-758

IN THE MATTER OF THE ESTATE OF JOHNNIE EDWARD HARPER

Appeal by respondent from orders entered 4 December 2018 and 18 December 2018 by Judge Marvin P. Pope, Jr., in Buncombe County Superior Court. Heard in the Court of Appeals 2 October 2019.

*Respondent-appellant Kim L. Harper, pro se.*

*Stone & Christy, P.A., by James M. Ellis, for petitioner-appellee.*

ZACHARY, Judge.

In COA19-326, the Buncombe County Clerk of Superior Court ordered, *inter alia*, the removal of Respondent Kim L. Harper as administratrix of the Estate of Johnnie Edward Harper. Harper appealed the clerk's order to the superior court. The superior court dismissed Harper's case, and she appealed to this Court. In COA19-327, the Buncombe County Clerk of Superior Court entered an order authorizing the public administrator to sell the real property of the decedent Johnnie Edward Harper to make assets to pay debts of his estate. Again, Harper appealed the clerk's order to the superior court. The superior court dismissed Harper's case, and she appealed to this Court. On 16 April 2019, the cases were consolidated for hearing pursuant to the provisions of N.C.R. App. P. 40 by this Court.

On appeal, Harper argues that the superior court utilized the incorrect standard of review in both of these cases. After careful review, we affirm the order of the superior court in COA19-326, and vacate the order of the superior court in COA19-327 and remand this matter to the superior court for further proceedings.

**Background**

Johnnie Edward Harper ("the Decedent") died intestate on 1 June 2015. He was survived by four children: Harper, Beth, Sonya, and Rochelle. Harper qualified as administratrix of her father's estate on 28 June 2016.

On 7 August 2018, the assistant clerk of superior court issued an order directing Harper to file an account for the estate, and on 15 August 2018, a deputy sheriff personally served Harper with a copy of the clerk's order. The order provided, *inter alia*, that Harper could be removed as fiduciary for failure to comply with the terms of the order. Harper failed to file the account. As a result, on 5 September 2018, the assistant clerk of superior court *sua sponte* issued and personally served Harper with an "Order to Appear and Show Cause for Failure to File Inventory/Account," due to her failure to file an accounting of estate assets during the two years following her qualification as administratrix. The Order to Appear and Show Cause noted that Harper could be held in contempt or removed as fiduciary, and provided a hearing date of 27 September 2018.

At the hearing of this matter, Harper produced an account for filing, but did not file a proper account: the account did not balance, and she provided no supporting documentation of the listed disbursements or the balance held. On the date of the hearing, the estate had $139.30, no saleable personal property, and numerous debts. Harper had also moved into the decedent's house, and admitted that she had spent money belonging to the estate on her personal expenses.

On 4 October 2018, the clerk removed Harper as administratrix of the estate, and appointed James Ellis, the public administrator of Buncombe County, to serve as successor administrator of the estate. Harper timely appealed this order to superior court, and on 4 December 2018, this matter came on for hearing before the Honorable Marvin P. Pope, Jr. After reviewing the case file and hearing arguments from both parties, Judge Pope entered an order dismissing the appeal. Harper timely appealed to this Court, and this appeal was designated as COA19-326.

On 19 November 2018, the public administrator petitioned the clerk of superior court to sell the real property owned by the Decedent at the time of his death. The public administrator asserted that it was necessary to sell the real property in order to make assets to pay debts of the estate, and thus it would be in the best interest of the estate to sell the real property. On 6 December 2018, the clerk entered an order granting the public administrator (1) possession, custody, and control of the

Decedent's real property; (2) the authority to remove Harper from the Decedent's house; and (3) the authority to sell the real property.

Harper appealed the clerk's order to the superior court, and on 18 December 2018, this matter came on for hearing before Judge Pope. After hearing arguments and examining the court file, Judge Pope entered an order dismissing the appeal. Harper timely appealed to this Court, and this appeal was designated as COA19-327.

**Discussion**

### I.     Standard of Review

"On appeal to the [s]uperior [c]ourt of an order of the [c]lerk in matters of probate, the trial court judge sits as an appellate court." *In re Estate of Pate*, 119 N.C. App. 400, 402, 459 S.E.2d 1, 2, *disc. review denied*, 341 N.C. 649, 462 S.E.2d 515 (1995). Unchallenged findings of fact "are presumed to be supported by competent evidence and are binding on appeal." *In re Estate of Warren*, 81 N.C. App. 634, 636, 344 S.E.2d 795, 796 (1986).

### II.    COA19-326

Harper contends that the superior court erred by failing to conduct a hearing *de novo* upon her appeal of the clerk's order removing her as fiduciary of her father's estate. After careful review, we disagree.

The clerk of superior court has "jurisdiction of the administration, settlement, and distribution of estates of decedents[.]" N.C. Gen. Stat. § 28A-2-1 (2017).

Moreover, the clerk has "original jurisdiction of estate proceedings[,]" *id.* § 28A-2-4(a), as well as "jurisdiction over special proceedings[.]" *Id.* § 28A-2-5.

The personal representative of an estate "has the power to perform in a reasonable and prudent manner every act which a reasonable and prudent person would perform incident to the collection, preservation, liquidation or distribution of a decedent's estate," with the purpose and goal of "settling and distributing the decedent's estate in a safe, orderly, accurate and expeditious manner as provided by law[.]" *Id.* § 28A-13-3(a). One significant duty of a personal representative is to file with the clerk of superior court a final account of estate receipts, disbursements, and distributions. The final account must be filed within one year following the personal representative's qualification, unless the clerk extends the filing period. *Id.* § 28A-21-2(a). The personal representative must provide supporting documentation for all receipts, disbursements, and distributions listed on the account. *Id.* § 28A-21-1.

"If any personal representative or collector fails to account . . . or renders an unsatisfactory account, the clerk of superior court shall . . . promptly order such personal representative or collector to render a full satisfactory account within 20 days after service of the order." *Id.* § 28A-21-4. Upon failure to submit a proper account in compliance with the order, "the clerk may remove the personal representative or collector from office or may issue an attachment against the

personal representative or collector for a contempt[.]" *Id.* This is in contrast to revocation of the letters of a personal representative pursuant to section 28A-9-1.

The first consideration in determining the standard of review on appeal to superior court is whether an appeal from a proceeding pursuant to section 28A-21-4 is to be conducted as a special proceeding or an estate proceeding. The clerk of superior court has "original jurisdiction of estate proceedings." *Id.* § 28A-2-4(a). "Estate proceedings" are defined as "matter[s] initiated by petition related to the administration, distribution, or settlement of an estate, other than a special proceeding." *Id.* § 28A-1-1(1b). Certain matters are designated by statute as special proceedings, such as those initiated against the unknown heirs of a decedent, *id.* § 28A-22-3; others are initially heard before the clerk of superior court as estate proceedings, but then appealed to superior court as special proceedings, such as the resignation of a personal representative, *see id.* §§ 28A-10-1 – 28A-10-8.

Although similar in some ways, proceedings to remove a personal representative pursuant to section 28A-21-4 and proceedings to revoke letters of a personal representative pursuant to section 28A-9-1 are not subject to the same standard of review on appeal to superior court. The revocation of letters issued to a personal representative pursuant to section 28A-9-1 is appealed as a special proceeding. *Id.* § 28A-9-4. On appeal, the superior court shall conduct a "hearing de novo." *Id.* § 1-301.2(e). By contrast, our statutes do not provide that the removal of

a personal representative pursuant to section 28A-21-4 shall be appealed as a special proceeding. Hence, removal of a personal representative pursuant to section 28A-21-4 is an estate proceeding. On appeal, the superior court shall review the matter "on the record." *See In re Estate of Lowther*, 271 N.C. 345, 355, 156 S.E.2d 693, 701 (1967).

In the instant case, it is evident that the proceeding instituted by the clerk pursuant to section 28A-21-4 that culminated in Harper's removal as administratrix was an estate proceeding, which should have been reviewed on the record on appeal to superior court.

The superior court's order dismissing Harper's appeal states, in pertinent part:

> The Court, having reviewed the Order of the Clerk of Court, and upon further examination of the file and arguments of counsel, and based thereon, the Court makes the following **CONCLUSIONS OF LAW**:
>
> 1.   The findings of fact in the Clerk of Court's October 4, 2018 Order are supported by the evidence.
>
> 2.   The conclusions of law in the Clerk of Court's October 4, 2018 Order are supported by the findings of fact.
>
> 3.   The October 4, 2018 Order of the Clerk of Court is consistent with the conclusions of law and applicable law.

The superior court's order clearly follows the language of N.C. Gen. Stat. § 1-301.3(d), which provides:

Upon appeal, the judge of the superior court shall review the order or judgment of the clerk for the purpose of determining only the following:

(1)     Whether the findings of fact are supported by the evidence.

(2)     Whether the conclusions of law are supported by the findings of fact.

(3)     Whether the order or judgment is consistent with the conclusions of law and applicable law.

In that section 1-301.3(d) applies to estate proceedings, and the instant appeal is an estate proceeding, the superior court applied the correct standard of review to Harper's appeal of the clerk's order in COA19-326.

The superior court properly reviewed the clerk's order removing Harper as administratrix of this estate pursuant to section 28A-21-4 consistent with the "on the record" standard. However, the superior court's order indicates that it dismissed Harper's case rather than affirming the clerk's order. Accordingly, this matter is affirmed and remanded for the limited purpose of allowing the superior court to correct the disposition.

## III.   COA19-327

Harper also contends that the superior court erred by failing to conduct a hearing *de novo* upon Harper's appeal from the clerk's order allowing the public administrator to sell the Decedent's real property to make assets to pay debts of the estate. We agree.

- 8 -

It is well settled that "[t]he title to [non-survivorship] real property of a decedent is vested in the decedent's heirs as of the time of the decedent's death[.]" *Id.* § 28A-15-2(b); *Swindell v. Lewis*, 82 N.C. App. 423, 426, 346 S.E.2d 237, 239 (1986). However, "[a]ll of the real and personal property, both legal and equitable, of a decedent shall be assets available for the discharge of debts and other claims against the decedent's estate in the absence of a statute expressly excluding any such property." N.C. Gen. Stat. § 28A-15-1(a).

If the personal representative of the estate determines that "it is in the best interest of the administration of the estate to sell . . . real estate . . . to obtain money for the payment of debts and other claims against the decedent's estate, the personal representative shall institute a special proceeding before the clerk of superior court[.]" *Id.* § 28A-15-1(c); *see also id.* § 28A-17-1; *Badger v. Jones*, 66 N.C. 305, 307 (1872); *Hyman v. Jarnigan*, 65 N.C. 96, 97 (1871) (per curiam); *Holcomb v. Hemric*, 56 N.C. App. 688, 690, 289 S.E.2d 620, 622 (1982).

An aggrieved party may appeal the clerk's order permitting the sale of the decedent's real property to superior court as a special proceeding for a trial *de novo.* "Appeals in special proceedings shall be as provided in [N.C. Gen. Stat. §] 1-301.2." N.C. Gen. Stat. § 28A-2-9(b). Section 1-301.2(e) provides, in relevant part, that "a party aggrieved by an order or judgment of a clerk that finally disposed of a special

proceeding, may, within 10 days of entry of the order or judgment, appeal . . . for a hearing *de novo*." (Italics added).

This Court recently considered the meaning of a "hearing *de novo*" in the context of section 1-301.2(e). *In re Estate of Johnson*, __ N.C. App. __, __, 824 S.E.2d 857, 863, *disc. review denied*, 372 N.C. 292, 826 S.E.2d 701 (2019). We determined that this statute "expressly provides for a hearing *de novo* on appeal to the superior court, and not just *de novo* or whole record review." *Id.* at ___, 824 S.E.2d at 863 (internal quotation marks omitted). Consequently, when sitting as an appellate court, the superior court shall proceed "as if no hearing had been held by the clerk and without any presumption in favor of the clerk's decision." *Id.* at ___, 824 S.E.2d at 863 (brackets and quotation marks omitted).

Here, the public administrator's action before the clerk to sell the Decedent's real property to make assets to pay debts was a special proceeding, and therefore, should have received a hearing *de novo* on appeal to superior court. The superior court's order dismissing Harper's appeal states, in pertinent part:

> The Court, having reviewed the Order of the Clerk of Court, and upon further examination of the file and arguments of counsel, and based thereon, the Court makes the following **CONCLUSIONS OF LAW**:
>
> 1. The findings of fact in the Clerk of Court's December 6, 2018 Order are supported by the evidence.

2.   The conclusions of law in the Clerk of Court's December 6, 2018 Order are supported by the findings of fact.

3.   The December 6, 2018 Order of the Clerk of Court is consistent with the conclusions of law and applicable law.

As in *Johnson*, the superior court's order "tracks the language of N.C. Gen. Stat. Section 1-301.3(d)." *Id.* at ___, 824 S.E.2d at 862.

N.C. Gen. Stat. § 1-301.3(d) provides, in relevant part:

> Upon appeal, the judge of the superior court shall review the order or judgment of the clerk for the purpose of determining only the following:
>
> (1)   Whether the findings of fact are supported by the evidence.
>
> (2)   Whether the conclusions of law are supported by the findings of fact.
>
> (3)   Whether the order or judgment is consistent with the conclusions of law and applicable law.

In that section 1-301.3(d) does not apply to special proceedings that are "required in a matter relating to the administration of an estate," *id.* § 1-301.3(a), the superior court applied the incorrect standard of review.

On appeal of the clerk's order in this special proceeding, the superior court was required to conduct a hearing *de novo*, which it failed to do. Instead, the court appears to have mistakenly adopted the standard of review delineated in section 1-301.3(d), above. Although N.C. Gen. Stat. § 1-301.3(d) generally governs the trial court's

review of "matters arising in the administration of trusts and of estates of decedents, incompetents, and minors[,]" subsection (a) explicitly provides that *section 1-301.2* shall apply "in the conduct of a special proceeding when a special proceeding is required in a matter relating to the administration of an estate." *Id.* § 1-301.3(a). "Ordinarily when a superior court applies the wrong standard of review . . . this Court vacates the superior court judgment and remands for proper application of the correct standard." *Johnson*, ___ N.C. App. at ___, 824 S.E.2d at 862 (quoting *Thompson v. Town of White Lake*, 252 N.C. App. 237, 246, 797 S.E.2d 346, 353 (2017)).

The superior court erred in failing to conduct a hearing *de novo* upon Harper's appeal of the clerk's order authorizing the public administrator to sell the Decedent's real property to make assets to pay debts of his estate. Accordingly, we vacate the trial court's order in COA19-327 and remand this matter to the superior court with instructions to conduct a *de novo* hearing.

COA19-326: AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR.

COA19-327: VACATED AND REMANDED.

Judges MURPHY and ARROWOOD concur.